THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. MICHAEL HAWKINS.

RAILROAD COMPANY — *Stock-Killing Law — Erroneous Instruction.* In an action brought by the plaintiff against a railroad company to recover the value of stock which plaintiff alleged were killed at a public crossing by the negligence of the railroad company, the bill of particulars alleged, among other things, "That the whistle of the engine was not sounded as prescribed by law, and that in consequence thereof the stock were not warned of the approach of the train until it was too late to prevent them from being killed, and that if the whistle of the engine had been sounded as prescribed by law, the person in charge of the stock could have prevented any injury." The bill of particulars further stated, "That the railroad company permitted a very high and dense growth of hedge to extend out on its right-of-way, and nearly to the track;" and further stated, "It prevented persons traveling upon the public road from observing the approach of trains." *Held*, That under the allegations of the bill of particulars, it was misleading and erroneous to instruct the jury, "if the railroad company permitted and suffered a hedge to stand upon its right-of-way so as to obstruct the view of the track, and but for such obstruction the injury to the stock would not have happened, the company is liable for the injury to the stock." *Held, also*, That where it appears from the instructions and findings of the jury, under the allegations of such a bill of particulars, that the liability for the injury to the stock was fixed by the jury for the negligence of the railroad company in permitting the hedge to grow upon the right-of-way as alleged, the verdict and judgment must be set aside.

*Error from Harvey District Court.*

MICHAEL HAWKINS commenced his action against the Atchison, Topeka & Santa Fé Railroad Company before a justice of the peace, of the city of Newton, in Harvey county, to recover $200. His bill of particulars, omitting caption, was as follows:

"The plaintiff complains of the defendant, and alleges that defendant is a corporation duly organized under the laws of the state of Kansas, and that it owns and operates a line of railroad through the county of Harvey, in said state, and did at all of the times herein mentioned; that the plaintiff was on or about the 14th day of August, 1885, the owner of two cows of the value of $150; that on that day said cows were in his possession, and were being driven by a competent person along the public highway, upon and along the section-line road between sec. No. 30, T. 23, R. 1 east, and sec. No. 25, T. 23, R. 1 west, in Harvey county, Kansas; and that at a point where the public highway crosses defendant's railroad the cows were, through the carelessness and negligence of defendant's servants and employés, who were in charge of a certain engine and train of cars, in the management thereof upon its railroad track, struck by the engine and cars and instantly killed, to his great damage in the sum of $150; that the defendant, upon approaching said crossing with its train, failed to sound its whistle as required by law, in consequence of which the person in charge of the cows was not warned of the approach of the train until it was too late to prevent the killing of the cows; that had the whistle been sounded as required by law, said person could have prevented the injury; that upon said occasion the train was late, and the person in charge of the cattle supposed it had already passed the crossing; that defendant has failed to provide a safe and convenient crossing at said point, as required by law; that the approaches to the track were very abrupt and high above the natural elevation of the surrounding land, which greatly impedes progress in crossing the same; that defendant has permitted a very high and dense growth of hedge to extend out upon its right-of-way and nearly up to the track on either side, which prevents persons traveling upon the road from observing the approach of trains upon its road; that the crossing is and long has been so maintained by defendant in a dangerous, inconvenient and

unsafe condition; that immediately after the cattle were killed, plaintiff demanded payment therefor of defendant, and that defendant positively refused to pay for the cattle any sum whatever; that $50 is a reasonable attorney's fee for the prosecution of this action.

"Wherefore, plaintiff prays judgment for the sum of $200 and costs of suit against defendant, and interest at 7 per cent. per annum from August 15, 1885."

Upon the trial before the justice, judgment was rendered against the railroad company, from which judgment the company appealed to the district court. Trial at the May term, 1887, upon the original bill of particulars. The jury returned a verdict in favor of the plaintiff for $134.80, and also made special findings of fact. The company filed its motion for judgment upon the special findings of fact, which motion was overruled. The company also filed its motion for a new trial, which was overruled.

On July 2, 1887, the court rendered judgment for $134.80, together with costs, against the railroad company. The company excepted, and brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *C. N. Sterry,* for plaintiff in error.

*Ady & Nicholson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The errors alleged as grounds for reversal are, that the court erred in its instructions to the jury upon the question of the defendant's allowing and permitting a hedge to grow upon its right-of-way, thereby obstructing the view. The instructions objected to are as follows:

"2. It is averred in the petition that plaintiff's said two cows were struck and killed by one of defendant's trains on its railroad while said cows were being driven along a public road, and at a crossing of said railroad; that the killing of said cows was caused by the negligence of the defendant and its agents and servants, in permitting a hedge to stand upon its right-of-way so as to prevent the approach of its said train

from being seen, and by failing to sound the whistle of its locomotive, so as to give warning of the coming of its train."

"6. The jury are instructed that if you believe from the evidence that the defendant company permitted and suffered a hedge to stand upon its right-of-way so as to obstruct materially the view of the track, and of approaching trains by persons about to cross the railroad, on the crossing in question, and that but for such obstruction the injury in question would not have happened, then the company is liable in this case for the injury so caused, unless you further believe from the evidence that plaintiff's own negligence contributed directly to the injury."

The court also, at the request of the railroad company, submitted certain questions of fact to the jury. The eleventh and twelfth questions and answers are as follows:

"11. Did the person in charge of these cows take any precautions as she approached this crossing, to ascertain whether any train was coming or not, prior to letting the cattle get upon the crossing? A. Yes.

"12. If the jury answer the last question affirmatively they may state fully what acts the person in charge of the cattle did toward ascertaining, or what steps she took to find out whether a train was coming or not. State fully. A. We believe that she took the same precaution that she did in always crossing, by listening and looking as far as she could; the defendant being behind-time with its train, it was as much the defendant's place to use an extra precaution on the part of the train, being off time, to give an extra signal. Furthermore, the defendant was negligent in leaving the hedge in the condition it was to prevent the seeing or hearing the approach of the train."

It is claimed that the jury in these answers required of the defendant, under the circumstances, a duty not shown by the evidence, and that by reason of that fact the motion for a new trial ought to have been granted. It seems to us that this case was decided by the jury upon the ground that the railroad company was negligent in permitting a hedge to be grown upon its right-of-way so as to obstruct materially the view of its track and approaching trains, and not upon anything else. An instruction was given imputing negligence to the railroad

company on account of the hedge upon its right-of-way, and the jury specially found the company was negligent in leaving the hedge in the condition it was in. All the evidence shows that both the plaintiff and his daughter, who was in charge of the stock, were well acquainted with the crossing, and knew of the hedge, its height, and its condition. The hedge was from fifteen to twenty-five feet on the right-of-way, and twenty-five to thirty-five from the track. If the hedge in any way prevented the person in charge of the stock from seeing or hearing the approaching train, then, of course, being well acquainted with the hedge and the premises, additional precaution should have been taken to see whether any train was coming.

We think the instruction concerning the hedge upon the right-of-way was misleading, and that the verdict was returned upon a wrong theory. If the growing of a high hedge upon a right-of-way near a public crossing is negligence on the part of the railroad company as to a traveler or person upon a public highway, and thoroughly familiar with the hedge, the crossing, and adjoining premises, then also a high fence inclosing a railroad track would be an act of negligence on the part of the company, and permitting trees to grow upon the right-of-way near a public crossing would also be negligence. If the jury had based the verdict upon the failure of the railroad company to sound the whistle of its locomotive as prescribed by the statute, the testimony concerning the hedge would not have been erroneous, nor affected prejudicially the case. The bill of particulars expressly alleged that "if the whistle had been sounded as prescribed by law, the person in charge of the stock could have prevented the injury." Yet under the instructions of the court the jury were permitted to return a verdict against the company without regard to whether the whistle sounded, or not. The jury made a great many special findings, but they made no finding, however, that there was any failure of the company to sound the whistle to its locomotive. In addition, the jury specially found that the person driving the stock was on horseback; therefore she might,

as she approached the crossing, have ridden ahead of the stock and ascertained whether any train was coming, before she started the stock across the track.

The judgment of the district court will be reversed.

VALENTINE, J., concurring.

JOHNSTON, J., dissenting.