THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY *et al.* v. GEORGE F. BELL.

1. WRITTEN INSTRUMENTS — *Allegations Taken as True.* Allegations of the execution of written instruments are taken as true, unless denied under oath; and *held*, that the allegation in the plaintiff's petition of the execution by the Atchison, Topeka & Santa Fé Railroad Company of a written instrument assuming liability for the plaintiff's claim is sufficient.

2. RAILROAD CROSSING — *Obstruction of View — Erroneous Instruction.* The court instructed the jury that it is culpable negligence for the railroad company to permit a tall hedge to grow upon its right-of-way so as to materially obstruct the view of the track and approaching trains in the vicinity of road crossings. The evidence shows that there was no hedge growing on the right-of-way. Under the facts, *held*, substantial error.

*Error from Osage District Court.*

THE opinion states the case.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.
*Pleasant & Pleasant,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by Bell to recover the value of two horses, which, he alleges, were killed by the

negligence of the servants of the Southern Kansas Railway Company in operating one of its trains of cars. The petition alleges that,

"Before the commencement of this action, the Atchison, Topeka, & Santa Fé Railroad Company, by some arrangement, the date and exact nature of which is to plaintiff unknown, assumed control of said line of railway, and, by written contract, agreed to become, and did become, liable for killing said stock of plaintiff, to the same effect that the Southern Kansas Railway Company is liable; that the plaintiff cannot set out a copy of said written agreement, for the reason that it is not now and never has been in the possession or under the control of the plaintiff."

The answer was simply a general denial, not verified. The jury rendered a general verdict in favor of the plaintiff for $169.25, and also answers to certain special questions. The court instructed the jury that

"The answer, not being verified by affidavit, admits that if the Southern Kansas Railway Company at anytime became liable for the injuries complained of, that it, the Atchison, Topeka & Santa Fé Railroad Company, is also liable for the same, by reason of the written agreement specified in said petition."

It is claimed that this instruction is erroneous, but we think otherwise. (*Coal. Co. v. Whittaker*, 40 Kas. 129; *Case v. Edson*, 40 id. 161; *Walker v. Fleming*, 37 id. 171.) At the time the horses were killed, they, with some cattle belonging to plaintiff, were being driven along the public road toward plaintiff's house by plaintiff's son. He testified that he was about a quarter of a mile, or probably 300 yards, away from the crossing at the time the horses were struck by the train. The testimony shows that the train was moving rapidly, and some witnesses testify that it was running uncommonly fast. The jury find that the trainmen were negligent, and that their negligence consisted in their failure to give any signal, either by blowing the whistle, ringing the bell, or blowing off steam, or attempting to stop the train. They also find that the engineer could not have stopped the train in time to have avoided

the injury after he first discovered the horses, and that the failure of the engineer to sound the whistle 80 rods from the crossing was partly the cause of the injury. The train was moving toward the northeast; the cattle and horses were being driven up from the south. There was a hedge fence along the west side of the wagon road extending from the right-of-way southward. The plaintiff himself states that there was no hedge on the right-of-way, but that the hedge along the road started from the edge of the right-of-way; that there was about 20 rods of hedge that ran south from the railroad right-of-way, and from that clear on to the river; that the hedge was tolerably tall, but thin. The tenth instruction is as follows:

"It is negligence in a railway company to permit or suffer a hedge to grow on its right-of-way so as to materially obstruct the view of the track or approaching trains by persons about to cross the track, or to obstruct the view of the highway at the crossing to persons approaching the train; and if the jury believe from the evidence that the defendant permitted and suffered a tall hedge to grow upon its right-of-way so as to materially obstruct the view of the track and approaching trains by persons about to cross the railroad on the crossing in question, or materially obstruct the view of the highway by persons operating the train approaching said crossing, and that but for such obstruction the injury in question would not have happened, then the defendant, on the question of negligence, is liable, unless the jury believe from the evidence that the plaintiff's own negligence contributed directly to said injury."

Within the authority of *A. T. & S. F. Rld. Co. v. Hawkins*, 42 Kas. 355, this instruction would have been erroneous, even if there had been evidence that there was a hedge on defendant's right-of-way. The trial court seems to have misapprehended the testimony, which shows that the hedge in question was along the wagon road, and, as we understand the testimony, on the plaintiff's own land, over which, of course, the railroad company had no control whatever. We cannot say that, under the facts of this case, the error in giving this instruction was harmless. It was grossly misleading, because

it implied the existence of facts which the evidence wholly failed to show. Nor is the negligence attributed to the defendant's employés by the special findings of the jury clearly supported by the evidence. It is quite difficult to perceive how the sounding of the whistle 80 rods from the crossing, when the train was running at a high rate of speed, could have enabled plaintiff's son, who was afoot, and almost or quite as far away from the crossing as the train, to prevent the injury; and it would be a great stretch of the imagination to conclude that the horses themselves would have been influenced in their movements by the sounding of the whistle. The jury find the sounding of the whistle to have been partially the cause of the injury. It may be that the instruction with reference to the hedge influenced them. There is nothing in their findings showing that it did not. There is no finding to the effect that the train hands were negligent in failing to perceive that the horses were approaching the crossing in time to have avoided the injury, and the evidence does show, and the jury find, that they could not have stopped the train in time to prevent the injury after they did discover them. The instruction given is clearly erroneous. In order that we may disregard it, we must be able to say that it did not influence the verdict. This we cannot do from the record in the case.

The judgment will be reversed, and a new trial ordered.

All the Justices concurring.