Railway Co. v. Hale.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY CO.
v. M. C. HALE.

No. 12,299. (68 Pac. 612.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT— *Special Questions to Jury.* Where
evidence is introduced by one party tending to establish the exist-
ence of certain material facts, and by the other party in denial,
and the court submits special questions to the jury involving the
existence or non-existence of such facts, to which the jury answers
by saying "don't know," and one of the parties requests the court
to retire the jury and resubmit the questions and require it to an-
swer them, it is error to refuse such request. (*Bent v. Philbrick,*
16 Kan. 190; *Morrow et al. v. Comm'rs of Saline Co.,* 21 Kan.
484; *City of Wyandotte v. Gibson, Adm'r,* 25 Kan. 236.)

Error from Greenwood district court; C. W. SHINN,
judge. Opinion filed April 5, 1902. Reversed.

*A. A. Hurd,* and *O. J. Wood,* for plaintiff in error.

*S. F. Wicker,* and *Fred S. Jackson,* for defendant in
error.

The opinion of the court was delivered by

GREENE, J. : This was an action brought by defend-
ant in error against plaintiff in error in the district
court of Greenwood county to recover damages alleged
to have been sustained by reason of fire escaping from
a locomotive-engine of defendant while operating its
line of railroad in the vicinity of his premises. The
specific acts of negligence charged are that the com-
pany negligently failed to provide its engine with the
latest and best improved spark-arrester, and with a
proper fire-box and smoke-stack ; and so negligently
and unskilfully operated its engine as to permit fire
to escape and ignite the grass on plaintiff's premises,
adjoining its right of way.

At the trial, the plaintiff introduced evidence tend-
ing to show that the fire which destroyed his property
escaped from the engine of the defendant.   To meet
this proof, the defendant introduced Joseph Crandall,
who testified that he was a boiler-maker of eleven
years' experience, and on the evening of the 20th of
October, 1889, he inspected the engine which it was
alleged set out the fire, and found it in good condition
and equipped with the latest and best appliances
known to the mechanical department of the railroad
for arresting sparks.   Charles Nickson testified that
he was a locomotive engineer, and was in charge of
the engine at the time the fire escaped ; that he had
been a fireman five years before becoming an engi-
neer, and had been an engineer since 1880 ; that the
engine in question, at the time the fire escaped, was
being handled in a skilful and proper manner ; that
the fireman on the engine at that time was competent
and performed his duty in a competent manner ; and
that the engine was provided with the latest and best
improvements for arresting sparks, so far as he knew.

At the close of the evidence, the court, at the re-
quest of the defendant, submitted to the jury the fol-
lowing, among other special questions, which were
answered as follows :

"1.  Ques.  How was this fire set out ?   Ans.  By a
locomotive-engine."

"6.  Q.  If the fire was set out by fire escaping from
the defendant's locomotive-engine, was such engine
provided with proper and approved appliances to pre-
vent the escape and setting out of fire ?   A.  Don't
know."

"8.  Q.  If the fire was set out by fire escaping from
defendant's locomotive-engine, was such engine pro-
vided with a proper and improved smoke-stack and
fire-box ?   A.  Don't know."

"10.  Q.  If the fire was set out by fire escaping

from the defendant's locomotive-engine, was such engine provided with all of the latest improved attachments to prevent the escape of fire and sparks therefrom? A. Don't know."

"12. Q. If the fire was set out by fire escaping from the defendant's locomotive-engine, was such engine properly and carefully operated at the time of the escape of the fire? A. Don't know."

The jury returned a general verdict for the plaintiff. Thereupon the defendant moved the court to require the jury to retire to its jury-room and make more specific and definite answers to the above questions. This was refused by the court, to which the defendant excepted.

The only error complained of by plaintiff in error is that the court refused to resubmit these special questions to the jury and require it to make answers thereto. Section 286 of the code (Gen. Stat. 1901, §4733) provides:

"The court shall in any case, at the request of the parties thereto or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same."

Under this statute, it is the right of a party to have special questions submitted. (*A. T. & S. F. Rld. Co. v. Ayres*, 56 Kan. 176, 42 Pac. 722; *L. & W. Rly. Co. v. Crum*, 39 id. 642, 18 Pac. 944.)

When special questions are submitted to a jury it may not ignore or refuse to answer them. A court should never submit special questions that are intended or are liable to confuse or entrap the jury into making mistakes, but, when submitted, it is the duty of the court to require direct answers to all such questions as are material and on which evidence has been offered. There was evidence in this case tending to establish the fact that the engine was properly equipped

with the latest and best improved spark-arrester and in proper condition on the day the fire escaped, and was being properly and skilfully handled. It was, therefore, the duty of the jury to make direct answers to these questions, and it was error for the court to refuse the request made by the defendant below to have such answers made.

It is contended on the part of defendant in error that the answers "don't know" are equivalent to answering in the negative, and counsel refer us to *Morrow v. County of Saline*, 21 Kan. 484; *U. P. Rly. Co. v. Shannon*, 38 id. 476, 16 Pac. 836. In the former case the plaintiff in error had not requested the court to require the jury to make more definite answers to the questions. Mr. Justice Brewer, speaking of the effect to be given to such answers, when no objection had been made and no request to make them more definite, said :

"Here, however, the parties were content to abide by these answers ; and each party, when invited by the court, declined to ask for further or more specific answers. Now, what construction is to be placed upon such answers ? They imply a denial of the existence, or perhaps more correctly of proof of the existence, of the facts concerning which the questions were propounded." (Page 504.)

The latter case, while quoting the former as an authority, states that, because of other facts found in the case, the answers to the special questions of which complaint was made were immaterial.

We are of the opinion that the questions submitted to the jury were material and within the issues and should have been answered. For a refusal on the part of the court to have such questions answered, the judgment of the court below is reversed and the cause remanded.

SMITH, CUNNINGHAM, JJ., concurring.