AGNES HART CORLEY, *Appellee*, V. THE ATCHISON, TO-PEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

No. 18,287.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Railroad Company—Obstructions to Vision at Highway Crossing.* Liability of a railway company for injuries occasioned by a collision at a highway crossing may be founded upon its negligence in allowing unnecessary obstructions to vision to exist upon the right of way.

2. AUTOMOBILE—*Negligence of Driver—No Imputed Negligence to Invited Guest.* One who, while riding in an automobile as the guest of the driver, is injured by a collision at a railroad crossing, caused by the negligence of the company, is not precluded from recovering damages therefor by the fact that the failure of the driver to exercise due caution was a contributing cause of the injury.

3. JURY—*Failure to Answer Special Questions—Error.* The failure of the jury to return sufficient answers to certain special questions held to require a new trial.

Appeal from Greenwood district court. Opinion filed June 7, 1913. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*Howard J. Hodgson,* and *Gordon A. Badger,* both of Eureka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Charles F. Corley, the plaintiff's husband, was riding in an automobile as the guest of a friend, who was driving it. At a crossing it was struck by a train of the Atchison, Topeka & Santa Fe Railway Company, and all the occupants were killed. The plaintiff sued the company and recovered a judgment, from which it appeals.

The petition alleged that the accident was due to the fact that the view of the track from the highway was

interfered with by unnecessary obstructions maintained or permitted by the company on the right of way. This was the matter chiefly relied upon by the plaintiff as constituting negligence on the part of the defendant. Want of due care in other respects was alleged, but in answer to a question requiring them to state of what the defendant's negligence consisted, and what employees were guilty of it, the jury answered "of obstructions consisting of embankments, hedge, weeds, and foliage neglected by road master and section foreman." This is fairly to be regarded as implying that the defendant was not negligent in any other respect. The situation is the same as though a distinct finding had been made to that effect. (*Creamery Co. v. Daniels,* 72 Kan. 418, 419, 83 Pac. 986.)

The defendant maintains that the allowance of objects on the right of way can not of itself constitute actionable negligence, although their presence may impose upon the company an obligation to take greater precautions against collisions than would otherwise be necessary. The contention is unquestionably sound as applied to objects which serve some necessary or useful purpose. But there is a conflict of judicial opinion as to whether the existence of wholly unnecessary obstructions may not in and of itself constitute an independent ground of negligence. The cases bearing on the question are collected in notes in 12 L. R. A., n. s., 1067, and 10 A. & E. Ann. Cas. 485. Bearing in mind the distinction between necessary and unnecessary obstructions we think the weight of authority is against the view here contended for by the railway company. But the question can not be regarded as an open one in this state. In *A. T. & S. F. Rld. Co. v. Hawkins,* 42 Kan. 355, 22 Pac. 322, a judgment was reversed because it was based solely upon a claim of negligence on account of a hedge growing on the right of way. But there the injury was to cattle while being driven across the track; the plaintiff pleaded that if the whistle had been

sounded the injury could have been prevented; the hedge approached the track no nearer than twenty-five to thirty-five feet; and it was said that the person in charge of the stock, being on horseback, could have ridden ahead and ascertained whether a train was coming. In *A. T. & S. F. Rld. Co. v. Bell,* 52 Kan. 134, 34 Pac. 350, there was no evidence of the existence of a hedge on the right of way, and an instruction that the company might be found negligent in that regard was therefore held to be erroneous. It was said in passing that the instruction would have been erroneous even if there had been such evidence, but this was upon the authority of the Hawkins case, the doctrine of which was not extended. In *C. R. I. & P. Rly. Co. v. Williams,* 56 Kan. 333, 43 Pac. 246, the question under consideration was definitely determined in these words:

"The railroad company should not allow any unnecessary obstructions upon its right of way near a public crossing which would obstruct the view of an approaching traveller nor of those in charge of the approaching engine and train. If it unnecessarily and negligently permits brush, trees or other obstructions to grow or stand upon its right of way near a public crossing, it must be held responsible for injuries resulting to others from such negligence, providing such others are free from fault. In the conduct of the business of the company, however, it is necessary to place buildings and other structures and things upon the right of way, and therefore it can not be arbitrarily said by the trial court that it is the duty of the company to keep its right of way at the crossing in question open and free from any obstruction which would obscure the vision of a traveler and prevent him from seeing an approaching train. Whether it is necessary or negligent to place an obstruction upon the right of way is another matter to be left with the jury." (p. 337.)

In *C. R. I. & P. Rly. Co. v. Hinds,* 56 Kan. 758, 44 Pac. 993, the trial court had instructed that where a railway company permits needless obstructions near the track it must operate its trains with reference thereto.

This instruction was approved on appeal, nothing more being decided in that connection because nothing more was involved.   In *Railroad Co. v. Willey,* 57 Kan. 764, 48 Pac. 25, the rule of the Williams case was applied, but it was further declared that whether the allowance of particular obstructions upon the right of way —in that instance a grove and a hedge—constituted negligence was a question of fact to be submitted to the jury, and not one of law to be decided by the court. (See, also, *Railway Co. v. Griffith,* 69 Kan. 130, 132, 76 Pac. 436.)

It follows that it was proper in the present case to submit to the jury the question whether the defendant permitted the crossing to be rendered unnecessarily dangerous by allowing needless obstructions to the view, and that a finding of negligence in that regard is sufficient to support a judgment.

The defendant further maintains that a judgment in its favor on the issue of contributory negligence is required by the findings.   These show that at a distance of twenty feet from the track the train could have been seen by the deceased.   This would doubtless preclude a recovery if he had been managing the automobile.   Reasonable prudence required the driver to approach the crossing with his car under control, to look for the train as soon as he was in a position to see it, and to stop as soon as he knew of its approach. What the deceased actually did is not shown, and there is no ground for attributing to him personally any want of care.   The question presented is whether he is to be deemed chargeable with the negligence of the driver.   The doctrine that one who voluntarily becomes a passenger in a conveyance thereby so far identifies himself with the driver that he can not recover for an injury negligently inflicted by a third person, if the driver's negligence was a contributing cause, never gained much of a foothold in this country, and is now

repudiated in England, where it originated. The history of its rise and decline is traced in a note in 8 L. R. A., n. s., 597, where cases are gathered illustrating all phases of the subject. Save in a few jurisdictions the negligence of a driver can not be imputed to a passenger who in fact has no control over him. (Note, 9 A. & E. Ann. Cas. 408; Note, 19 A. & E. Ann. Cas. 1225; Note, Ann. Cas. 1913 B. 684; see, also, *Denton v. Railway Co.*, ante, p. 51.) This rule applies in the case of a guest who is riding with the driver for their mutual pleasure. (29 Cyc. 548-550; Note, 8 L. R. A., n. s., 648; 7 A. & E. Encycl. of L. 447, 448.) Where two persons are engaged in a common enterprise, using a conveyance for their purpose, each is said to be responsible for the acts of the other, but for this situation to arise each must have an equal right of control. (29 Cyc. 543; Note, 8 L. R. A., n. s., 628.) In the present case the jury found that the deceased was riding with the owner of the automobile as an invited guest on a pleasure trip. The defendant therefore can not successfully invoke the doctrine of imputed negligence.

In *Bush v. Railroad Co.*, 62 Kan. 709, 64 Pac. 624, and also in *Railway Co. v. Bussey*, 66 Kan. 735, 71 Pac. 261, contributory negligence was held to preclude a recovery by the occupant of a conveyance, other than the driver, who was injured in a crossing accident, but in each case the negligence was that of the plaintiff in person, in failing to keep an outlook to observe the approach of a train. The distinction was noted in each of the opinions, as appears from the following extracts:

"Their attention was attracted to a freight-train on the Union Pacific railroad coming from the east. They stopped for this train to pass. They then proceeded, and, as they started, both of them looked down the track to ascertain if another train was coming, and none was in sight. In driving from the point where

they stopped for the train to pass until they arrived within fifty feet of the crossing, they were driving in a westerly direction parallel with the track. At this point the road turned at a right angle to the right to cross the track. From this point either could have seen this approaching train at least 1300 feet. From the time they started from the point where they had stopped for the freight-train, neither of them looked again until the front feet of the horse were upon the first rail of the track. . . . The case of *Reading Township v. Telfer,* 57 Kan. 798, 48 Pac. 134, relied upon by counsel for plaintiff in error, is easily distinguishable. In that case there was no charge made that Mrs. Telfer was guilty of contributory negligence. The only question was whether or not the contributory negligence of the husband was imputable to her. In this case the direct charge is made that plaintiff in error was herself guilty of contributory negligence." (*Bush v. Railroad Co.,* 62 Kan. 709, 710, 717, 64 Pac. 624.)

"Again, in harmony with the special finding that she had no control over the vehicle, the horse, or the driver, in the absence of other findings, it might be presumed, in support of the general verdict, that she looked and saw the train after crossing the second track, but that the time was too short in which to warn her companion and cause the horse to be stopped before the collision occurred. But this presumption can not be indulged in the light of the finding that she did not see the train until immediately before the occurrence of the accident, and the further finding that she did nothing to avoid the collision. . . . The only consistent and harmonious construction which may be placed upon the findings made is that the plaintiff was guilty of contributory negligence in not looking, and, notwithstanding the fact she was not driving or controlling the vehicle in which she was riding, she should have seen the train and taken steps to avoid the collision, which she did not do." (*Railway Co. v. Bussey,* 66 Kan. 735, 745, 746, 71 Pac. 261.)

Complaint is made of the instructions with reference to contributory negligence, but they conform substantially to the rules just stated. An objection to an

instruction concerning the presumption of due care is not thought to have been prejudicial.

A final claim of error we regard as well founded. The answers given by the jury to several of the special questions submitted to them gave no real information. The questions related to important matters, concerning which evidence had been introduced. A request that the jury be required to make more definite answers was refused. The questions and answers read:

"How far can a train, approaching from the northeast, be seen at a point in the highway by one standing 15 to 20 feet from the crossing? A. No satisfactory evidence, by reason of no approaching train having been seen by any witness.

"How far can a train approaching from the northeast be seen by one standing 8 feet south of the crossing in question? A. No satisfactory evidence, by reason of no approaching train having been seen by any witness.

"How far can a train, approaching from the northeast, be heard by one standing at a point where the highway enters upon the right of way of the railway company? A. Depends upon the conditions both as to the train, whether drifting or not, or of the direction from which the wind is blowing.

"How fast was said automobile traveling as it entered upon defendant's right of way? A. No satisfactory evidence given, as said automobile could not be seen from said point.

"Did said automobile slacken its speed as it approached the track? A. No satisfactory evidence given, because of conflicting testimony of the only witness.

"How far was said automobile from the track at the time it was at its slowest speed? A. No satisfactory evidence, because of conflicting testimony regarding speed of said automobile."

Some of these answers seem to show a captious spirit. Those which state that the evidence is conflicting are insufficient, the province of the jury being to settle such conflicts. The defendant was entitled to

*In re* Hollinger.

have the questions fairly answered, and the failure of the jury to meet this requirement is ground for reversal. (*K. P. Rly. Co. v. Peavey,* 34 Kan. 472, 8 Pac. 780; *Railway Co. v. Hale,* 64 Kan. 751, 68 Pac. 612; *Elevator Co. v. Railway Co.,* 89 Kan. 38, 130 Pac. 686.) As there seems no reason why the decision with regard to other forms of negligence should be set aside, upon a new trial the plaintiff's claim should be confined to the allegations with respect to obstructions to view allowed upon the right of way.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.