No. 22,448.

WILBUR H. KIRBY, *Appellee,* v. THE KANSAS CITY, KAW VALLEY & WESTERN RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

RAILROAD CROSSING—*Passenger in Automobile—Contributory Negligence.* A mature person who attempts to cross an interurban railroad track without taking any precautions for his own safety, while riding in an automobile with another, who is driving, cannot recover damages for injuries sustained in a collision with a car on the track, when by looking he could have seen the approaching car in time to have warned the driver of the danger.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISHER, judge. Opinion filed January 10, 1920. Reversed.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellant.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for injuries sustained by the plaintiff in an accident at a crossing of a public highway and the defendant's railroad. The evidence showed that the defendant operated an interurban railroad from Kansas City to Lawrence through a station known as Grinter Heights, where a public road crossed the railroad almost at right angles; that a macadam road ran along the south side of the railroad; that A. H. Hart with an automobile was standing east of the road which crossed the railroad, on the north side of the macadam road but south of the railroad track; that the plaintiff went to Hart, and after a little conversation got into the automobile with Hart and started to ride with him to Hart's house; that in doing so it was necessary to cross the railroad track; that Hart drove the automobile; that they started across the track without looking for an approaching car; that after they got on the track, they saw a car coming from the west, about one hundred feet away; that the plaintiff jumped out of the automobile and was injured; that Hart remained in the automobile and went across the track and was not injured; and that the automobile was not struck. There was evidence which tended to show that the automobile stopped about four feet south of the track; then started across, and stopped again on the track, and then went across, and that the automobile jumped in crossing the track. The evidence also tended to show that there was a grade in the road from the south up to the track, and that the plank on the side of the track was about four inches thick and about four inches above the ground. The plaintiff at that time was twenty-six or twenty-seven years old.

The jury made special findings of fact as follows:

"1. When plaintiff got into the automobile with Mr. Hart, was it with intention to ride to Mr. Hart's home for the purpose of visiting with him during a part of the day? A. Yes.

"2. Was the plaintiff familiar with the location of defendant's tracks at the time and place in question when he got into the automobile to go to Hart's home? A. Yes.

"3. Did plaintiff know that in going to Mr. Hart's home in the automobile they would have to cross the track of the defendant? A. Yes.

Kirby v. Railway Co.

"4. Did plaintiff know that cars, both passenger and express, were operated on and along the tracks of defendant at different intervals during the day, and over the crossing in question? A. Yes.

"5. From the time the automobile in which plaintiff was riding started until it reached a point where the front wheels were upon defendant's track, did he look to see if there was a car approaching the crossing from the west? A. No.

"6. If plaintiff or the driver of the automobile had looked toward the west at any time after the automobile was started and before it reached the railroad track, could they or either of them have seen the approaching car in time to have stopped before going upon the track? A. Yes.

"7. When the automobile got upon defendant's track what distance was the approaching car from the crossing? A. On or about 100 feet.

"8. Did Mr. Hart tell the plaintff to remain in the automobile when he saw that plaintiff was preparing to get out? A. Yes.

"9. If the plaintiff had remained in his seat in the automobile, would he have been injured? A. No.

"10. Was plaintiff struck by defendant's car at the time in question? A. Yes.

"11 If you answer question No. 10 'Yes,' then state on what witness' testimony you base such answer. A. Mr. Kirby, H. C.

"12. After the motorman saw the automobile start to cross the track in front of his car from the place where he testified it had stopped, immediately south of the track, did he do all he could properly do to stop his car before reaching the crossing? A. Yes.

"14. Did the automobile in which plaintiff was riding pass over the railroad track without being struck by the car? A. Yes."

For the purpose of discussion, it is assumed that the defendant was negligent in some one or more of the particulars alleged. The defendant argues that the court erred in overruling its demurrer to the plaintiff's evidence, in refusing to give defendant's peremptory instruction for a verdict in favor of the defendant, in overruling the motion of the defendant for judgment on the special findings and to set aside the general verdict, in entering a judgment for the plaintiff, and argues that the judgment is contrary to law and without evidence to support it. The decision turns on the contributory negligence of the plaintiff.

Was the plaintiff guilty of contributory negligence? He and the driver of the automobile started across the railroad track without looking to see if a car were approaching. The driver of the automobile was clearly guilty of negligence. If he had sustained any injury, he could not recover therefor.

(*Jacobs v. Railway Co.*, 97 Kan. 247, 154 Pac. 1023; *Wehe v. Railway Co.*, 97 Kan. 794, 156 Pac. 742.)

In *Corley v. Railway Co.*, 90 Kan. 70, 133 Pac. 555, this court said:

"One who, while riding in an automobile as the guest of the driver, is injured by a collision at a railroad crossing, caused by the negligence of the company, is not precluded from recovering damages therefor by the fact that the failure of the driver to exercise due caution was a contributing cause of the injury." (Syl. ¶ 2.)

In *Schaefer v. Interurban Railway Co.*, 104 Kan. 394, 181 Pac. 118, the court used the following language:

"Persons in complete and independent control of their own movements, who are about to cross a railway track, like pedestrians and drivers of horse vehicles and automobiles, will not be permitted to recover against a negligent railway company unless they themselves are free from negligence. (*A. T. & S. F. Rld. Co. v. Priest*, 50 Kan. 16, 23, 31 Pac. 674; *Railway Co. v. Wheelbarger*, 75 Kan 811, 88 Pac. 531; *Wehe v. Railway Co.*, 97 Kan. 794, 56 Pac. 742; *Williams v. Electric Railroad Co.*, 102 Kan. 268, 170 Pac. 397.)

"There is a somewhat different rule which applies to persons riding in a buggy or automobile who have no control of the vehicle. While such persons are charged with the duty of looking out for their own safety as far as practicable (*Bush v. Railroad Co.*, 62 Kan. 709, 64 Pac. 624; *Railway Co. v. Bussey*, 66 Kan. 735, 71 Pac. 261; *Bressler v. Railway Co.*, 74 Kan. 256, 86 Pac. 472; *Fair v. Traction Co.*, 102 Kan. 611, 171 Pac. 649; and Note in 54 L. R. A., n. s., 1915 B, 955 *et seq.*), yet they are not necessarily negligent merely because their driver is negligent. (*Williams v. Withington*, 88 Kan. 809, 129 Pac. 1148; *Denton v. Railway Co.*, 90 Kan. 51, 133 Pac. 558; *Denton v. Railway Co.*, 97 Kan. 498, 155 Pac. 812; *Corley v. Railway Co.*, 90 Kan. 70, 133 Pac. 555; *Burzio v. Railway Co.*, 102 Kan. 287, 171 Pac. 351.)" (p. 398.)

The following language is found in *Bush v. Railroad Co.*, 62 Kan. 709, 64 Pac. 624:

"Where one person is riding with another for the mutual pleasure of both, with equal opportunity to see and ability to appreciate the danger, and is in fact looking out for herself, but makes no effort to avoid the danger, she is chargeable with the want of care which results in injury." (Syl. ¶ 3.)

The plaintiff was under some obligation to look out for his own safety. He should not have attempted to cross the railroad track relying completely upon the driver of the automobile to take the necessary steps for their safety. The plaintiff ought to have looked for the approaching car, and if he had seen

one, he should have notified the driver. That much he ought to have done for his own protection. When he saw the defendant's car approaching, he did undertake to protect himself by jumping out of the automobile, doing that contrary to the request of the driver that he remain. Probably that appeared to the plaintiff as the safest thing to do. That was not contributory negligence on his part, but because of his failure to look for a car before going upon the railroad track, he was guilty of such negligence. That prevents his recovery.

The judgment is reversed, and judgment is rendered for the defendant.