No. 25,189.

MAY CLARK, a Minor, by Her Father and Next Friend, ORA CLARK, *Appellee*, v. MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

No. 25,190.

ABBIE HATCH, *Appellee*, v. MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Railroad Crossing—Injury to Guests of Driver of Automobile—Guests and Driver Not Engaged in Common Enterprise.* Guests of a driver of an automobile cannot be regarded as engaged with him in a common enterprise so that each is to be regarded as responsible for the acts of the other, unless each has an equal right of control.

2. SAME—*Duty of Guests in Automobile—Negligence of Driver Not Imputed to Guests.* Rule followed that while guests riding with a driver of an automobile must exercise reasonable care for their own safety the negligence of the driver cannot be imputed to the guests.

3. SAME—*Evidence Supports Findings and Verdict.* The evidence examined and held to be sufficient to support the findings and verdict of the jury.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 5, 1924. Affirmed.

*W. P. Waggener, J. M. Challis,* both of Atchison, and *C. W. Roberts,* of Winfield, for the appellant.

*Alfred M. Jackson, Schuyler C. Bloss,* and *George T. McNeish,* all of Winfield, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: May Clark and Abbie Hatch each brought an action against the Missouri Pacific Railway to recover for injuries sustained by them through the alleged negligence of the railway company, in which a collision occurred upon a railway crossing. Each recovered a judgment from which defendant appeals.

Both plaintiffs were riding in an automobile owned and driven eastward along a highway by W. T. Wise, and were struck by an extra train which approached the crossing from the northeast traveling diagonally towards the southwest. It was alleged that the defendant negligently allowed a growth of hedge, underbrush, weeds and other vegetation upon its right of way which obstructed a view of an approaching train by travelers upon the highway until they

entered upon the railroad track, and also that the defendant negligently failed to sound a bell or whistle or give any warning as the train approached the dangerous crossing.

The defendant answered with a general denial and that the plaintiffs and their driver were engaged in a joint enterprise, that they drove upon the crossing without looking or listening for an approaching train or taking any precautions for their own safety and that plaintiffs did not request the driver to stop, look or listen when the senses of sight and hearing were available. The mother of May Clark was in a hospital in Winfield, and the plaintiffs arranged with Wise who owned the automobile to take them to the hospital. The jury found that those in the automobile had no unobstructed view of the train until they were in a place of danger, that when the trainmen discovered the automobile on the crossing there was nothing that could be done to prevent the accident, that at the speed the train was moving it could have been stopped in a distance of from three to four hundred feet, that the noise of the operation of the automobile did not interfere with the occupants hearing train signals, that if the automobile had been stopped when its front wheels were within ten feet of the nearest rail and an observation made, the accident would not have happened. That the plaintiffs could not have done anything to prevent the collision, that the trainmen could have prevented collision by blowing a whistle and ringing a bell, and that the act of negligence upon which the finding against defendant was made was in not removing obstructions from the right of way.

The cases were tried together upon the same evidence and both appeals have been submitted on the same abstract of the evidence. It is insisted that defendant's demurrer to plaintiffs' evidence should have been sustained and it is said to be impossible to give credence to the testimony of the plaintiffs. Another contention is that the occupants of the automobile were engaged in a joint enterprise, that there was identity of interest of the occupants of the automobile and it was the duty of each plaintiff to take precautions for her safety and that they cannot escape this responsibility even if the negligence was that of the driver.

The first contention of the defendant is that the court erred in overruling its demurrer to plaintiffs' evidence, but this contention cannot be upheld. Under any view of the testimony it must be held that there was sufficient evidence to take the case to the jury.

Along the same line there was a request for a peremptory instruction at the end of the testimony, which was denied, and there is a contention too that the evidence did not sustain the findings and verdict of the jury and therefore defendant's motion for a new trial should have been granted.

It is urged that the plaintiff and the driver Wise were engaged in a joint enterprise and that his negligence must be regarded as the negligence of all. Plaintiffs had arranged with Wise to take them to visit Mrs. Clark, the mother of May, who was sick in a hospital at Winfield. Wise owned and drove the automobile and as the evidence shows had full control of its operation and it has been decided that the negligence of the driver cannot be imputed to a guest or passenger who has no control over the driver. It has been said:

"Where two persons are engaged in a common enterprise, using a conveyance for their purpose, each is said to be responsible for the acts of the other, but for this situation to arise each must have an equal right of control." (*Corley v. Railway Co.*, 90 Kan. 70, 74, 133 Pac. 555.)

The evidence of the plaintiffs tends to show that there was no joint control of the automobile but that plaintiffs were guests or invitees and hence it cannot be held that they were negligent because the driver may have been negligent. (*Bradshaw v. Payne,* 111 Kan. 475, 207 Pac. 802.) Although guests they were required of course to exercise care for their own safety, such as a reasonably prudent person would exercise under like conditions. There is testimony that they did call the attention of the driver to the crossing and did look and listen for a train as they approached the crossing. About seventy feet from the railroad, Wise stopped his automobile and changed a spark-plug and when they started again towards the crossing, plaintiffs warned the driver that a train might be coming and the testimony is that they looked and listened as they went closer to the track, but that the hedge which extended to and upon the right of way as well as the brush and high weeds on the right of way between the hedge and the tracks, were such as to obscure the view so that the train was not seen until the end of the automobile was upon the track. Some of plaintiffs' evidence was to the effect that the automobile was stopped a second time, just before they went upon the track but there was contradictory evidence of other witnesses as to the second stop.

There are some contradictions and some evidence which the defendant insists is wholly incredible and should be disregarded, but

these were all matters for the jury. It was for them to sift and weigh the testimony accepting that which they deemed to be true and to discard the balance. There was sufficient evidence to warrant the finding that there was no joint venture and that the plaintiffs exercised reasonable care for their own safety in warning the driver of danger at the crossing and keeping a lookout for trains. In view of the obstructions to the view of the railroad track, the driver may not have exercised the care which the law requires but as we have seen the defendant cannot invoke the doctrine of imputed negligence as against plaintiffs. The contributory negligence of the driver does not preclude a recovery by plaintiffs, where they exercised the care for their own safety which the law requires of guests. That question as well as the matter of joint enterprise were matters for the determination of the jury and its finding is binding upon this court. *Corley v. Railway Co.,* supra; *Anthony v. Kiefner,* 96 Kan. 194, 150 Pac. 524; *Bradshaw v. Payne,* supra; *Schaefer v. Interurban Railway Co.,* 104 Kan. 394, 179 Pac. 323; *Holland v. Railroad Co.,* 112 Kan. 609, 212 Pac. 90.

There is a contention that the negative answer to special question number six, namely:

"If the automobile had been stopped when its front wheels were ten feet from the nearest railroad rail and an observation made for oncoming trains, would the accident have happened?"

entitles the defendant to judgment in its favor. It is argued that on account of the obstruction of view, a stop and a view of the track just before crossing the track was imperative and if this precaution had been taken the accident would not have occurred. This contention could have been made with telling force if the driver had been asking damages for his injury or loss, but as he was operating and controlling the automobile, the plaintiffs who were his guests, cannot be held responsible for his negligence.

Some complaint is made of refusal of requested instructions but an examination of those given shows that they fairly covered the issues in the case and the refusal of the requested ones cannot be regarded as grounds upon which to predicate error.

Judgment affirmed.