No. 25,249.

L. E. McRae, as Administrator, etc., *Appellee*, v. Missouri Pacific Railroad Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Negligence—*Railroad Crossing Accident—Proximate Cause of Injuries—Findings of Jury.* In an action for damages for injuries received in a railroad crossing accident, where the jury finds for the plaintiff and that defendant was negligent in permitting cane and vegetation to grow upon its right of way and the evidence and instructions are not before us, we cannot say that the negligence found was not a proximate cause of the injury.

2. Same—*Injury to Guest of Driver of Automobile—Findings of Two Proximate Causes of Collision—Negligence of Railroad Company Liable for Collision.* When a guest in an automobile is injured in a railroad crossing accident and in an action for damages therefor against the railroad company

the jury find negligence of the defendant to be a proximate cause of the injury, the fact that the jury also find that the manner in which the automobile was driven was a proximate cause of the injury will not relieve the railroad company from liability.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent, judge. Opinion filed May 10, 1924. Affirmed.

*W. P. Waggener, J. M. Challiss,* both of Atchison, and *O. H. Bentley,* of Wichita, for the appellant.

*Robert C. Foulston, A. M. Ebright, George Siefkin,* and *Sidney L. Foulston,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for damages for personal injuries. The jury answered special questions and returned a general verdict for plaintiff. The defendant appealed from the order of the court overruling its motion for judgment on the special findings and entering judgment for plaintiff.

One day in August, 1922, Frank B. Fulkerson was driving an automobile from Wichita to Haven. Mildred McRae, about five years of age, her brother, sister, and aunt were riding in the back seat as guests of the driver and having no control over his operation of the automobile. At a railroad crossing en route the automobile collided with defendant's train and Mildred was injured. She brought this action by her next friend for damages for her injuries and pending the trial died of scarlet fever. The action was revived and prosecuted in the name of her administrator.

The petition alleges many acts and conditions of negligence on the part of defendant. The jury returned a general verdict for plaintiff for $750 and specifically found defendant negligent in permitting cane and vegetation to grow upon its right of way. The jury exonerated defendant from liability because of other acts of negligence charged and specifically found that the whistle was blown and that there were danger signs at the crossing. They also answered the following special question, No. 7 1-2: "Do you find that the injury to Mildred McRae was proximately caused by the manner in which the automobile was driven? Ans.: Yes." Defendant moved for judgment notwithstanding the general verdict. Plaintiff moved to set aside finding No. 7 1-2 and for a new trial. In overruling all these motions and rendering judgment for plaintiff the court incorporated in the judgment the following:

McRae, *Adm'r,* v. Railroad Co.

"I want the Journal entry to show that from the findings of fact and the general verdict, the Court concludes that there are two proximate causes of a collision and injury to Mildred McRae, deceased; one, the negligence of the driver of the automobile, as shown by Question 7 1-2, which because of her youth is not attributable to Mildred McRae, and the other, the negligence of the Missouri Pacific Railway Company in permiting cane and vegetation to grow upon its right of way and thereby obstructing the view of the driver of the car as shown by Question and Answer No. 9.

"If there can be but one proximate cause of the injury and that was the negligence of the driver of the automobile, the Court would grant a new trial because the attorney for the plaintiff requested that the word 'sole' be inserted before the word 'proximate' in Question 7 1-2, or the Question be refused. The Court refused this request, thinking that this finding if answered 'yes' would determine only the question of contributory negligence on the part of the driver of the automobile."

Appellant contends that the finding of the jury that it was negligent in permitting cane and vegetation to grow upon its right of way is a finding of a condition which made the injury possible, rather than a cause of the injury. A negligent condition may be the cause of an injury as well as a negligent act. This has been frequently recognized by this court. (*Corley v. Railway Co.,* 90 Kan. 70, 133 Pac. 555; *Burzio v. Railway Co.,* 102 Kan. 287, 171 Pac. 351; *Schaefer v. Interurban Railway Co.,* 104 Kan. 394, 179 Pac. 323.) By the finding that defendant was negligent in permitting cane and vegetation to grow upon its right of way and by the general verdict for plaintiff, the jury found this negligence to be a proximate cause of the injury. The case is brought here on the pleadings, findings and judgment. The evidence and instructions are not before us, hence it is impossible for us to say that the jury was not justified in its conclusion that the growing cane and vegetation on the right of way was a proximate cause of the injury.

Appellant contends that the special finding 7 1-2 in which the jury found that the manner in which the automobile was being driven was a proximate cause of the injury necessarily excludes the defendant from all liability. It is contended that there can be but one proximate cause of the injury and if that was the manner in which the automobile was being driven it necessarily follows that the driver of the automobile alone was liable for the injuries sustained. It is not infrequent that the negligent acts of two or more persons may produce an injury to a third and in such a situation the injured party may, at his option, sue any one or all of those whose negligence caused the injury. (*Wholesale Grocery Co. v. Kan-*

*sas City et al.,* 115 Kan. 589, 224 Pac. 47, and cases cited; and *Nevitt v. Railway Co.,* 115 Kan. 439, 442, 223 Pac. 269.) We construe finding 7 1-2 just as the court construed it—as a finding of negligence on the part of the driver of the automobile—but the fact that some one else was negligent did not relieve this defendant of liability if it also was negligent in a manner which was a proximate cause of the injury. It is well settled, of course, that in a situation such as this, the negligence of the driver of the automobile cannot be attributed to Mildred McRae in such a way as to defeat recovery. (*Bradshaw v. Payne,* 111 Kan. 475, 207 Pac. 802; *Clark v. Railroad Co.,* 115 Kan. 823, 224 Pac. 920.)

The judgment of the court below is affirmed.