No. 28,300.

MARIA H. BRINGLE, *Appellant,* v. THE TOWNSHIP OF GALE
in Marion County,. *Appellee.*

(272 Pac. 126.)

Opinion
filed December 8, 1928.

*Paul H. Royer,* of Abilene, for the appellant.

*John E. Wheeler, W. H. Carpenter* and *W. R. Carpenter,* all of Marion, for
the appellee.

The opinion of the court was delivered by

HARVEY, J.: In this case plaintiff has appealed from an order of
the court sustaining a demurrer to plaintiff's evidence and rendering
judgment for defendant in an action (under R. S. 68-301) for dam-
ages for personal injuries alleged to have been sustained by reason
of negligence of the defendant in failing to have warning signs or a
guard rail at a dangerous curve and grade at the .approach of a
bridge on a township road.

A preliminary question is presented on appellee's motion to dis-
miss the appeal. The demurrer was presented to the court on
January 12, 1928, and was sustained, and plaintiff was given fifteen

days in which to amend her petition; and the court ordered that if plaintiff "does not amend her petition within fifteen days from the date hereof that defendant shall recover judgment for the costs of this action against said plaintiff." Within the fifteen days, and on January 24, the plaintiff, without amending her petition, served notice of appeal from the ruling of the court sustaining a demurrer to plaintiff's petition, and "also from the ruling and judgment of said district court dismissing the action of said plaintiff, and for costs against said plaintiff in favor of defendant." On February 6 a formal order of the court was entered dismissing the action and for costs in favor of defendant. No subsequent notice of appeal was filed. Appellee contends that there has been no appeal from the judgment of the court of February 6 dismissing the action and rendering judgment for costs against the plaintiff, and more than six months having gone by, the appeal taken by plaintiff should be dismissed. The point is not well taken, for the reason, first, that the ruling of the court on the demurrer was itself an appealable order which plaintiff was entitled to have reviewed (R. S. 60-3302), and for the further reason that the order and judgment of the court of January 12 sustaining the demurrer to the petition was also a judgment dismissing the case, with costs to defendant, in the event. plaintiff did not amend her petition within the fifteen days, and the notice of appeal specifically was from that portion of the order as well as from the ruling sustaining the demurrer. In view of that situation the order of the court of February 6 was really surplusage, and in any event does not have the effect of defeating plaintiff's appeal previously taken.

So far as it is necessary here to consider it, the petition alleged, in substance, that the defendant township was negligent in the manner in which it had constructed and maintained a portion of a certain township road as it approached a bridge. The road in question was a north-and-south road. The course of the stream crossed by it was from north to south. To provide a crossing, the road, as it approached the stream from the south, turned to the west down a hill, then sharply to the right on a grade or fill constructed as an approach to the bridge, which was almost east and west across the stream; that there was no warning sign near the road at the top of the hill, nor at any place between that and the bridge, nor were there guard rails on either side of the curve at the grade and fill; that

plaintiff was riding after night in an automobile driven by her son; that as they approached this bridge and started down the hill the driver of the automobile, although using due care, was unable, because of the lack of appropriate warning signs and guard rails, to see the outline of the grade approaching the bridge and the sharp curve, and as a result thereof drove into a corner of the bridge, turning the automobile over and injuring plaintiff.

In support of the judgment of the court below it is not seriously contended, on behalf of appellee, that the allegations in the petition of defendant's negligence are insufficient, but it is argued that such negligence, if it existed, was not the proximate cause of plaintiff's injury; that there was a separate, intervening proximate cause, in that the driver of the automobile was negligent in the manner in which he drove the car when approaching the bridge; that the negligence of defendant, if any, only created a condition which was not the proximate cause of the injury. This is substantially equivalent to contending that contributory negligence of the driver of the automobile was a separate, intervening cause of plaintiff's injury, and the proximate cause thereof. A negligent condition may or may not be a proximate cause of an injury, depending upon varying circumstances. (*Lambel v. City of Florence*, 115 Kan. 111, 222 Pac. 64; *McRae, Adm'r, v. Railroad Co.*, 116 Kan. 99, 225 Pac. 1032.)

Considering the question as argued by appellee, that the negligence of the driver of the automobile was a separate, intervening efficient cause of the injury sustained, we do not regard the point as being well taken, at least not to the extent that a court could so declare as a matter of law. In 45 C. J. 926 it is said:

"It is well settled that the mere fact that other causes, conditions, or agencies have intervened between defendant's negligence and the injury for which recovery is sought is not sufficient in law to relieve defendant from liability. In other words, an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury. The test is not to be found in the number of intervening events or agencies, but in their character and in the natural connection between the wrong done and the injurious consequences, and if the injury is the natural and probable consequence of the original negligent act or omission, and is such as might reasonably have been foreseen as probable, the original wrongdoer is liable, notwithstanding the intervening act or event."

A similar statement of the rule is made in Thompson's Commentaries on the Law of Negligence, § 50 *et seq*. In *A. T. & Santa Fe Rld. Co. v. Stanford*, 12 Kan. 354, it was said:

"In law, proximate and remote causes and effects do not have reference to time, nor distance, nor merely to a succession of events, or to a succession of causes and effects. A wrongdoer is not merely responsible for the first result of his wrongful act, but he is also responsible for every succeeding injurious result which could have been foreseen, by the exercise of reasonable diligence, as the reasonable, natural, and probable consequence of his wrongful act. He is responsible for any number of injurious results consecutively produced by impulsion, one upon another, and constituting distinct and separate events, provided they all necessarily follow from the first wrongful cause. Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence; and if they are such as might, with reasonable diligence, have been foreseen, the last result, as well as the first, and every intermediate result, is to be considered in law as the proximate result of the first wrongful cause. But whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer, and except for which the final injurious consequence could not have happened, then such injurious consequence must be deemed to be too remote to constitute the basis of a cause of action."

Plaintiff's injury might have resulted from the combined negligence of defendant and the driver of the automobile, in which event she might have a cause of action against either or both of them as joint tortfeasors. If defendant's negligence was one of the immediate causes of plaintiff's injury, negligence of the driver of the automobile, if it existed, would not bar plaintiff's recovery, unless it were under such circumstances that it could be imputed to her (45 C. J. 942). If that be appellee's contention, then the argument is in effect that contributory negligence of the plaintiff is tantamount to an intervening proximate cause. While there may be a line of demarcation that is difficult to distinguish where the one begins and the other ends, contributory negligence is not usually classed as the same thing as a separate, intervening cause.

We regard the questions of negligence, if any, of the driver of the automobile, and the extent, if at all, of such negligence, if it existed, should be imputed to plaintiff so as to bar her recovery, proper ones to submit to the jury. The allegations of the petition in this case present questions similar to those in *Story v. Brown County*, 116 Kan. 300, 226 Pac. 772, and *Snyder v. Pottawatomie County Comm'rs*, 120 Kan. 659, 245 Pac. 162.

Moreover, the allegations of the petition are that the driver of the automobile was using due care, and the facts alleged in the petition as to how he handled the car tend to support that view. These facts

are admitted by the demurrer. The petition, therefore, shows no basis upon which to predicate an argument that the negligence of the driver of the automobile was an intervening, separate and distinct cause. The question of contributory negligence is ordinarily one for the jury. Unless it clearly appears from the pleading it is not a question for the court. It does not clearly appear from the petition in this case. The result is that the judgment of the court below must be reversed, with directions to overrule the demurrer to the petition and the judgment dismissing the case at plaintiff's cost.

It is so ordered.