MARTHA J. BRESSLER, as Administratrix, etc., V. THE
CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COM-
PANY.

No. 14,634.   (86 Pac. 472.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury at Crossing—Presumption of Due Care Over-
thrown.* "The presumption that a person who was struck and
killed by a train while driving over a railroad-crossing exer-
cised due care to avoid injury is destroyed where it appears
from the undisputed evidence that, if he had looked and
listened before driving upon the crossing, he must have seen
and heard the train approaching." (*Rollins v. Chicago, M. &
St. P. Ry. Co.* [C. C. A.], 139 Fed. 639, syllabus.)

Error from Reno district court; PETER J. GALLE,
judge. Opinion filed July 6, 1906. Affirmed.

STATEMENT.

J. W. BRESSLER jumped from a buggy in which he
was riding and alighted upon the track of the defend-
ant's railroad and was killed by a freight-train. The
administratrix of his estate brought this action against
the railroad company to recover damages for the
negligence of the railroad company and its employees,
which, it is alleged, caused the death of Bressler. The
only negligence complained of is the failure of the
engineer to sound the whistle as the train approached
the crossing. The train which caused the accident was
moving in an easterly direction, and the railroad-track
crossed the west line of a certain section 228½ feet
south of the northwest corner of the section and again
crossed the north line of the section 478 feet east of
that corner. The railroad-track was straight and
nearly level for about one mile west of the point where
the accident occurred.

The deceased was riding with one Doctor Hammond
in a top buggy, upon which the side curtains were
fastened and the top was half up. They came from

the south and crossed the railroad-track on the west
line of the section and turned at the northwest corner
thereof and went east along the public road that crossed
the railroad-track on the north line of the section 478
feet east of the corner. As the buggy was on the rail-
road-track at the crossing the deceased threw up his
hands, striking the lines, and said to his companion:
"Doc, jump." Thereupon Bressler jumped from the
buggy onto the north side of the track and was struck
by the train and killed. Hammond remained in the
buggy and crossed the track without injury to himself
or his conveyance.

The triangular piece of land north of the railroad
right of way, which right of way is fifty feet wide from
the center of the track, had been set out to maple trees
in rows six feet apart, the nearest row being six feet
north of the right of way. These trees were then
fifteen to twenty feet high and formed the only ob-
struction to a view of the railroad-track from any point
on the road between the corner and the eastern cross-
ing, except the telegraph-poles along the track. From
the eastern point of this triangular plat of trees, which
is 155 feet from the railroad-crossing, one can look
westerly down the railroad-track from one-half a mile
to a mile with no obstruction save the telegraph-poles.
Doctor Hammond was sitting on the left, or north, side
of the buggy, and just after they passed the point
where the maple trees obstructed the view westward
he leaned forward and looked around Bressler west-
ward down the track but did not see the train. Ham-
mond did not look westward down the track at any
other time before crossing it, and there is no evidence
that Bressler looked down the track or saw the train
at any time until he exclaimed, "Doc, jump," and
jumped from the buggy.

*Prigg & Williams,* for plaintiff in error.
*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for
defendant in error.

17—74 KAN.

The opinion of the court was delivered by

SMITH, J.: The only negligence alleged against the railroad company was the failure to sound the whistle upon approaching the crossing. The defense was contributory negligence on the part of the deceased. The failure of the engineer to sound the whistle was proved and is uncontroverted, and the only question of law that remains to be decided is whether the evidence of the plaintiff affirmatively shows that the deceased was guilty of contributory negligence in crossing or attempting to cross the railroad-track. If so, the ruling of the court sustaining the demurrer to plaintiff's evidence was right; otherwise the ruling was wrong.

The well-recognized rule is that it is the duty of a person about to cross a railroad-track where trains may be passing to look and listen, for his own protection, and that a failure to do so is negligence. Also, that in case of the death of a person in crossing a railroad-track, from contact with a train, if there be no eye-witness and no evidence to the contrary, it will be presumed that the person looked and listened for an approaching train before venturing on the crossing. (*C. R. I. & P. Rly. Co. v. Hinds,* 56 Kan. 758, 44 Pac. 993; *Texas & Pacific Railway Co. v. Gentry,* 163 U. S. 353, 16 Sup. Ct. 1104, 41 L. Ed. 186; *Railroad Co. v. Gallagher,* 68 Kan. 424, 75 Pac. 469, 64 L. R. A. 344.) The plaintiff in error contends that this rule should be applied to this case, inasmuch as the only eye-witness testified that while he himself looked down the track when he and the deceased were about 155 feet from the crossing he did not know whether or not the deceased looked at any time before they were on the crossing. The defendant, however, contends, and the court below in sustaining the demurrer must have held, that the positive and uncontradicted proof in this case rebuts this presumption. The evidence of Doctor Hammond, who was the only eye-witness, shows that from

a point 155 feet from the crossing, and every step of the way from that point to the crossing, there was nothing to prevent the deceased from seeing the approaching train if he had looked down the track in a westerly direction. The evidence also shows that Bressler was a man about forty-two years of age, and in the possession of all his faculties; yet he rode in a buggy behind a team which walked from that point to and upon the railroad-crossing and discovered the approach of the train only when the horses were upon the track. As was said in *Tomlinson v. Chicago, M. & St. P. Ry. Co.,* 134 Fed. 233, 67 C. C. A. 218:

"The evidence was so clear as to warrant no other conclusion than that the deceased, by the use of his senses, could have learned of the approach of the train before he reached the crossing; and the necessary inference is that he either did not look, or, having looked, he endeavored to cross in front of it. He was, therefore, as matter of law, guilty of contributory negligence." (Page 234.)

Indeed, the evidence and the circumstances in this case seem necessarily to exclude the idea that the deceased had seen and was endeavoring to cross the track in front of the train. The team moved upon the crossing in a walk, and the conduct of the deceased in exclaiming, "Doc, jump," and by jumping from the buggy himself when otherwise he would have been carried safely over, would certainly place such inference at variance with the actual facts, and it cannot be indulged.

If, however, the presumption of due diligence on the part of the deceased should obtain, as claimed by the plaintiff, it must, under the facts in this case, also be presumed that he saw what must have been apparent to any person in his position, viz., that a train was approaching and that it was extremely hazardous to go upon the crossing at the rate of speed he and his companion were traveling. And this, in law, would be contributory negligence. While the failure of the engineer

to sound the whistle was negligence, it was, at most, only one of the proximate causes of the injury. The whistle, if sounded, could have apprised the deceased of nothing which the exercise of due care on his part would not have apprised him, viz., the approach of the train and the danger of attempting to cross in front of it. (*Rollins v. Chicago, M. & St. P. Ry. Co.* [C. C. A.], 139 Fed. 639.) The judgment of the district court is affirmed.

All the Justices concurring.