No. 23,754.

MARY M. KNIGHT, *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Automobile—Railroad Crossing—Contributory Negligence.* A mature person who attempts to cross a railroad track without taking any precautions for his own safety, while riding in an automobile with another who is driving, cannot recover damages from the railroad company for injuries sustained in a collision with a car on the track, when by looking he could have seen the approaching car in time to have warned the driver of the danger. (*Kirby v. Railway Co.,* 106 Kan. 163, 186 Pac. 744, followed.)

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed May 6, 1922. Affirmed.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *F. M. Harris,* of Ottawa, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages for injuries sustained by her in a collision between a moving freight car and an automobile in which she was riding. Verdict was returned in favor of the plaintiff in the sum of $3,500; but, upon motion of the defendant, the court set aside the verdict and rendered judgment in favor of the defendant. The plaintiff appeals.

The judgment must be reversed unless the plaintiff was guilty of negligence that contributed to her injury. The plaintiff was riding in an automobile driven by G. D. West, the owner of the car, and was going from the east side of Chanute to the west side, across the defendant's switch yards containing about fifteen railroad tracks. The defendant kept a flagman at the crossing of the street and the railroad tracks. The negligence alleged was that after the automobile had been stopped near the tracks to enable the plaintiff and the driver of the automobile to ascertain if there were danger, "the flagman . . . signaled said G. D. West to proceed across said tracks," and that "on or about the fourth or fifth track from the east side, without any warning, knowledge or notice thereof, a car approached them, unattached to any engine or train and with

Knight v. Railway Co.

no attendant thereon, coming from the south, and by reason of other cars standing on the south side of said street could not be seen or observed until about the time it struck the automobile in which the plaintiff was riding."

Special questions were answered by the jury. Three of them show that there was nothing to prevent the plaintiff and the driver of the automobile from seeing the approaching freight car when they were fifty feet east of the track, forty feet east of the track, and thirty feet east of the track. Some of the other findings of fact were as follows:

"Was the plaintiff guilty of any negligence directly contributing to her injuries? Answer: No.

"Did Mr. West stop the automobile on the east side of and before going upon the tracks? Answer: No.

"Did the flagman give a come on signal to Mr. West and the plaintiff? Answer: No.

"Did Mr. West proceed across the tracks after receiving a signal from the flagman? Answer: No.

"As the automobile came near the track where the accident occurred did the plaintiff or the driver do anything to prevent an accident? No.

"As the automobile approached the track on which the freight car was coming would the plaintiff and the driver have seen the freight car if they had looked to the south? Yes."

These findings show that there was nothing to prevent the plaintiff and the driver from seeing the approaching freight car at an ample distance from the track to enable them to avoid all danger; that neither the plaintiff nor the driver did anything to prevent the accident; and that they either did not look to ascertain if a car were approaching, or, if they did look, they saw the car and undertook to cross ahead of it. The plaintiff could have seen the approaching car in ample time to have warned Mr. West. This, under repeated declarations of this court, shows that the plaintiff was guilty of contributory negligence. This case is controlled by *Kirby v. Railway Co.*, 106 Kan. 163, 186 Pac. 744.

The judgment is affirmed.