No. 24,279.

JOHN CALVIN and SARAH CALVIN, *Appellees,* v. CHARLES E. SCHAFF,
as Receiver of the MISSOURI, KANSAS & TEXAS RAILWAY COM-
PANY, *Appellant.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Collision Between Automobile and Railroad Train—Erroneous
Instruction—Time of Sunset.* Courts take judicial notice of the time at
which the sun sets. On December 20, at Fort Scott, the sun sets at 4:41
solar time and 5:01½ standard central time. An instruction to a jury that
the sun set at Fort Scott at 4:41 on December 20, 1920, without any ref-
erence to the difference between solar time and standard time is erroneous;
and, where such an instruction is given, a judgment for damages caused by
the death of one killed in a collision between an automobile and a railroad
passenger train will be reversed if the evidence is conflicting concerning
whether or not it was dark at the time of the collision and the evidence
shows that the collision occurred at five o'clock in the evening.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion
filed March 10, 1923. Reversed.

*W. W. Brown, O. T. Atherton,* both of Parsons, and *Douglas Hudson,* of
Fort Scott, for the appellant.

*A. M. Keene,* and *Harry W. Fisher,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment in favor
of the plaintiffs for damages caused by the death of their son,
John Wesley Calvin, which occurred in a collision between an
automobile in which he was riding and a passenger train operated
by the defendant.

One of the defenses was that John Wesley Calvin had been guilty
of contributory negligence. There was evidence which tended to
show that he was operating a sawmill at Richards, Mo., a few
miles northeast of Fort Scott; that George Limbaugh was working
for Calvin at the mill; that on December 20, 1920, a part of the
machinery of the sawmill broke; that George Limbaugh in his
automobile took Calvin to Fort Scott to get the piece of machinery
repaired; that after it was repaired they started to return to Rich-
ards, shortly before five o'clock in the evening; that, as they at-
tempted to cross the railroad tracks of the Missouri, Kansas &
Texas Railway Company in Fort Scott, they were struck by a
passenger train, and John Wesley Calvin was killed; that it was

cloudy and misty; that it was so dark that neither Calvin nor Limbaugh could see the approaching passenger train, although it could have been seen for a distance of more than 250 feet if it had been light. There was evidence which tended to show that it was light enough for those in the automobile to have seen the passenger train in ample time to have avoided the collision.

The court instructed the jury as follows: "You are instructed that sunset on December 20, 1920, was at 4:41 o'clock p. m." It appears that this instruction was based on information obtained from the "World Almanac" for 1920. The sun on that day set at Fort Scott at 5:01½ o'clock p. m. standard central time.

The jury answered special questions as follows:

"1. Was there a headlight burning upon the locomotive in question at the time of the alleged collision? A. No.

"2. Did the collision in question occur after sunset? A. Yes.

"3. Was John Wesley Calvin using reasonable care for his own protection at the time the automobile in question approached and was crossing the railroad track of the defendant at the time of the alleged collision? A. Yes.

"4. Was the train at the time of the alleged collision traveling at a greater rate of speed than ten miles per hour? A. Yes."

"1. If you find for the plaintiff state on what ground or grounds of negligence you base your verdict. A. In not maintaining lighted headlights. Train running at excessive and dangerous speed.

"2. Was the automobile in which the deceased was riding stopped before it was driven onto defendant's tracks for the purpose of looking for trains? A. No.

"3. Did the deceased warn the driver of the automobile or make any attempt to have the automobile stopped before it was driven onto defendant's tracks? A. No.

"4. Did the deceased make any complaint as to the speed or management of the automobile as it was approaching defendant's tracks? A. No.

"5. Did Limbaugh make the automobile trip from Richards, Mo., to Fort Scott and return for the benefit of the deceased to secure repair parts for machinery used in deceased's sawmill? A. Yes.

"6. At what rate of speed was the automobile moving when twenty-five feet south of defendant's tracks? A. 5 to 15 miles.

"7. At the time that defendant was approaching the crossing in question at a point 200 feet south of said crossing on the public highway how far could a train have been seen upon defendant's main line east of the crossing in question? A. Without lights invisible.

"8. After the train was stopped at the point of the injury was it light enough for one approximately 250 feet south of the train to distinguish a person standing on the steps of one of the railroad coaches as one of the trainmen? A. No.

"9. At what hour of the day did the accident occur? A. 5 p. m.

Calvin v. Railway Co.

"10. At what rate of speed was defendant's train moving when thirty to fifty feet east of the crossing in question? A. 20 to 25 miles per hour."

Under the findings there is no question about the negligence of the defendant; but, if John Wesley Calvin could have seen the train before going upon the railroad track, he cannot recover. (*Kirby v. Railway Co.*, 106 Kan. 163, 186 Pac. 744; *Knight v. Railway Co.*, 111 Kan. 308, 206 Pac. 893.) Under the evidence concerning the darkness of the evening, the question concerning the time at which the sun set was very material and probably was controlling. If the sun had set at 4:41, it would have been dark at five o'clock on that day because it was cloudy and misty; but, if the sun set at five o'clock, it was not necessarily dark at that time. The instruction concerning the time for the setting of the sun was not correct according to standard time, the time that would be understood by the jury when the court said that the sun set at 4:41. The plaintiffs in their brief say that the instruction given was based on the time shown by the "World Almanac" for 1920, and that the time named was the "local mean time" applicable to Fort Scott, Kan. The "World Almanac" for 1920 gives the time for the setting of the sun on December 20 at 4:41 for the states of Washington, Virginia, Kentucky, Missouri, Kansas, Colorado, Utah, Nevada, and central California. This necessarily means solar time, because the time of sunset at different places in any of the divisions of standard time would vary between the east and west sides of those divisions practically an hour. If the court had instructed the jury concerning the difference between the time mentioned in the "World Almanac" and standard central time, the jury would have known that the sun set at 5:01½ and would have been compelled to consider that fact with the evidence. The error in the instruction was material.

Other matters are presented by the defendant. They have been examined, but the court does not find in them any error of sufficient magnitude to warrant further discussion.

The judgment is reversed, and a new trial is directed.