No. 28,245.

MARGUERITE BLUE, *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

(270 Pac. 588.)

Opinion filed October 6, 1928.

*Carl V. Rice,* of Parsons, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott* and *Alfred G. Armstrong,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover damages for injuries sustained by the plaintiff in a crossing collision between a coal car being switched by the defendant and an automobile in which the plaintiff was riding and which was driven by her husband. The cause was submitted to a jury, which returned a verdict in favor of the plaintiff for $1,000 and answered special questions as follows:

"1. Was the driver of the automobile, C. M. Blue, intoxicated immediately before the collision? Answer: No.

"2. Was the plaintiff, Marguerite Blue, intoxicated immediately before the collision? Answer: No.

"3. In what distance could the automobile have been stopped when it was

at a point 150 feet north of the point of collision? Answer: Fifty to sixty feet.

"4. In what distance could the automobile have been stopped when it was at a point 75 feet north of the point of collision? Answer: Twenty to thirty feet.

"5. If your verdict is against the defendant, state in what the negligence of the defendant consisted? Answer: Not proper control of the car.

"6. At what speed was the automobile in question traveling when it was at a point 150 feet north of the point of collision? Answer: Twenty-five miles.

"7. At what speed was the automobile in question traveling when it was at a point 75 feet north of the point of collision? Answer: Twelve miles.

"8. How far to the east of the point of collision could the plaintiff, Marguerite Blue, have seen the approaching railway car from a point 150 feet north of the point of collision? Answer: One hundred and fifty feet.

"9. How far to the east of the point of collision could the plaintiff, Marguerite Blue, have seen the approaching railway car from a point 75 feet north of the point of collision? Answer: Two hundred feet.

"10. At what speed did the coal car approach the point of collision? Answer: Three to five miles."

On the motion of defendant, the verdict was set aside, and judgment was rendered in favor of the defendant on the special findings of the jury. The plaintiff appeals.

The only question argued is: Was judgment rightfully rendered in favor of the defendant on the answers to special questions submitted to the jury? A brief analysis of the answers is necessary. When the automobile in which the plaintiff was riding was 150 feet north of the point of collision, she could have seen the approaching coal car 150 feet away from that point, and the automobile could have been stopped within 50 or 60 feet. The coal car was then 30 feet from that point. When the automobile was 75 feet north of the point of collision, the plaintiff could have seen the approaching coal car 200 feet away from that point, and the automobile could have been stopped within 20 to 30 feet. The coal car was then 15 feet from that point. At both times, the coal car was almost directly in front of the automobile in which the plaintiff was riding. The accident occurred at 11:45 p. m. It is assumed that the lights on the automobile were shining. The coal car was necessarily within the light given by the automobile. The coal car could have been seen by both the driver of the automobile, the husband of the plaintiff, and the plaintiff. It could have been seen long enough in advance of the collision for the plaintiff to have warned her husband of its

presence. If the coal car was not seen by everyone in the automobile, it was because they failed to look.

In *Ewing v. Railroad Co.,* 117 Kan. 200, 231 Pac. 234, this court, in discussing the contributory negligence of a wife riding in an automobile with her husband, said:

"Concerning the answer to question No. 2, it must be said that Hattie E. Ewing could have seen the train long enough before going upon the track to have notified her husband two or three times of the approaching danger. She either saw the train in ample time to have avoided the danger or she did not look in time. In either case she cannot recover." (p. 206. See, also, *Fair v. Traction Co.,* 102 Kan. 611, 171 Pac. 649; *Kirby v. Railway Co.,* 106 Kan. 163; 186 Pac. 744; *Knight v. Railway Co.,* 111 Kan. 308, 206 Pac. 893; *Rathbone v. Railway Co.,* 113 Kan. 257, 214 Pac. 109; and *Ferguson v. Lang,* 126 Kan. 273, 268 Pac. 117.)

It follows that the judgment should be affirmed; it is so ordered.