No. 30,312.

Doris Hooker, an Infant, by Lester Wilkinson, as Her Next
Friend, *Appellee,* v. The Missouri Pacific Railroad Com-
pany, *Appellant.*

(8 P. 2d 394.)

Opinion filed March 5, 1932.

*Arnold C. Todd,* of Wichita, *W. P. Waggener, J. M. Challiss, O. P. May*
and *B. P. Waggener,* all of Atchison, for the appellant.

*William Keith,* of Wichita, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for injury sustained
by a person riding in an autotruck driven by another when the
truck collided with the engine of a freight train at a street crossing
of the railway track. Plaintiff recovered, and defendant appeals.

The accident occurred in November, 1929, at the intersection of
defendant's track and Edwards avenue in Wichita. Eugene Hooker,
plaintiff's brother, was driving the truck. He was on the way to
work, and plaintiff was on the way to Wichita university, which she
was attending. Plaintiff was in the habit of going in the truck
across the railroad track to Douglas avenue, where she took a street
car to the university. Plaintiff testified:

"The weather that morning was misty and sleety, just a little, and was
cloudy, rather chilly like."

She was riding in the cab of the truck, at the right side of the
driver, and the window on her side was down a few inches. The
truck was about ten feet long, and was equipped with brakes with
which it could be stopped, when going at a rate of eight miles per
hour, about instantly, that is, within a distance less than length of
the truck, or about the length of the truck. The train came from
the west toward the right side of the truck. Plaintiff testified she

did not see or hear the train, did nothing to warn her brother, made no suggestion relating to his driving, and he drove on the track without stopping.

The jury returned the following special findings of fact:

"5. How fast was the automobile traveling as it approached the crossing? A. Approximately eight miles per hour.

"6. At what distance from the crossing could the train have been seen by Doris Hooker on Edwards avenue when she was (a) fifteen feet north of crossings? A. Approximately 600 feet. (b) Ten feet north of crossing? A. Approximately 600 feet.

"7. Did plaintiff look for an approaching train? A. No.

.   .   .   .   .   .   .   .   .   .   .   .

"11. Were there any obstructions on defendant's right of way that obstructed the view of a train coming from the west? A. No."

A motion was made for judgment, notwithstanding the general verdict, and the motion was denied.

If numerous previous decisions of this court have not made clear the fact that a railroad track is a warning to auto vehicle drivers of possible horrible death, and the fact that a normal guest of an auto vehicle driver, having equal opportunity with the driver to see an approaching train, and having opportunity to warn the driver in time to prevent disaster, is guilty of contributory negligence unless he uses due care for his own safety, another opinion on the subject would be ineffectual, and it is sufficient to say here the motion for judgment should have been sustained.

In denying the motion for judgment, the court said plaintiff was a minor; the case was governed by the decision in *Bradshaw v. Payne*, 111 Kan. 475, 207 Pac. 802; and the only difference between the Bradshaw case and the case of *Knight v. Railway Co.*, 111 Kan. 308, 206 Pac. 893, was that Knight was an adult, and young Bradshaw was a minor. It is not necessary to recount here the facts of the two cases in order to show that neither decision turned on the question of age. It may be observed, however, that the case of *Angell v. Railway Co.*, 97 Kan. 688, 156 Pac. 763, was misapplied in the opinion in the Bradshaw case. In the Angell case the age of nineteen years was mentioned as indicating maturity, and not lack of maturity.

The age of a person is not the test of accountability for contributory negligence. It is extent of experience and degree of intelligence and judgment—capacity to recognize and appreciate danger—which may be considered in determining accountability.

In this instance plaintiff did. not testify concerning her age at the time of the accident. When examined as a witness in her own behalf she merely said she was then twenty years old. She did not give her nearest birthday. She testified she had taught school the winter before the trial, which occurred in March, 1931. There was no testimony tending to minimize plaintiff's capacity at the time of the accident. She testified she knew the railroad tracks were there, and she crossed them practically every morning. After the accident she made a statement to the railroad company that she always looked up and down the track. At the trial she endeavored by her testimony to create the impression that she did look toward the west before the train struck the truck, but the jury did not believe her. The result is, there was no evidence of lack of ordinary capacity, and at the close of the evidence the court instructed the jury with respect to contributory negligence precisely as if plaintiff were a person of ordinary capacity. As indicated, what the court said in denying the motion related simply to the fact of minority.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the motion for judgment for defendant, notwithstanding the general verdict.