No. 35,389

JANE CHRISTIE, by Her Mother and Next Friend, BERTHA M. CHRISTIE, *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY et al., *Appellees*.

(121 P. 2d 208)

Opinion filed January 24, 1942.

*Kenneth K. Cox,* of Wichita, for the appellant.

*W. E. Stanley, William C. Hook,* both of Wichita, *Bruce Hurd, C. J. Putt* and *Robert M. Clark,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HOCH, J.: This case arises out of an accident at a railway crossing. Appellant was injured when the auto in which she was riding was struck by a train. The appeal is from an order sustaining a demurrer to an amended petition in which she sought recovery for damages. The essential questions are whether, under the allegations of the petition, appellant was guilty of contributory negligence, and whether any alleged negligence on the part of the railway company was the proximate cause of appellant's injuries.

The accident took place in Wichita, Kan., at the intersection where the Santa Fe railway tracks cross Lincoln street, a well-traveled thoroughfare. It occurred at about 8:45 p. m. on February 7, 1939. Appellant was riding as a guest in an auto driven by Herbert Moore. Milton Hamm was also a guest passenger, and both guests were riding in the front seat with the driver. Appellant alleged in the peti-

tion that she was sitting next to the driver; that she was not familiar with the street or "with the circumstances and surroundings thereof" and as far as she could recall had "never previously been at or near said place"; that as the auto was going east on Lincoln street a train was going south on the east track of the two which cross the street "in a slight northwesterly direction"; that "the driver of said automobile stopped the same on the west track approximately midway between the center of the paved portion of said street and the south curb line thereof while said train was passing"; that she did not know that there were two railroad tracks there, and did not know that the automobile had stopped on a railroad track; that "while said automobile was so stopped and as the rear end of said train going south was approximately at the north line of the paved portion of said Lincoln street" another train—a freight train—going north on the west track upon which the automobile had stopped struck the automobile "waiting at said place," knocked it a distance of about one hundred and ninety feet along the track and that she was seriously and permanently injured, as fully described in the petition. The acts of negligence alleged on the part of the railway company were summarized in the petition as follows:

"(1) By causing said train to be propelled into said intersection at an excessive, dangerous and negligent rate of speed;

"(2) By moving said train and locomotive across Lincoln street at said place in the city of Wichita at a greater rate of speed than fifteen miles per hour contrary to the ordinances of the city of Wichita, Sedgwick county, Kansas, and more particularly ordinance No. 11-168 of the city of Wichita, Sedgwick, county, Kansas, then in force, a copy of which ordinance is attached to and made a part of this petition under the mark 'exhibit A';

"(3) By failing to whistle, or ring the bell of said locomotive, to warn this plaintiff of the approach thereof;

"(4) By running said locomotive and train into said double track crossing at or about the time said crossing was being cleared by another train of the defendant railway company on the other of said tracks;

"(5) In failing to have an automatic flagman, commonly called wig-wag signal, installed, maintained and operating to warn that there was a railroad track at this place;

"(6) In failing to have any proper sign or warning that this track of the defendant crossed said Lincoln street;

"(7) In the failure of the agents of the defendant railway company on approaching said crossing with said locomotive and train to look for traffic across said intersection; or, if looking, then in failing to see the automobile which plaintiff occupied; or, if looking and seeing, then in failing to put on the brakes in time, or at all before hitting said automobile.

"(8)· In failing to give any warning of the approach of said train;

"(9) In failing to equip and maintain and use on said locomotive engine a headlight of a power that would outline the figure of a man on or adjacent to the track plainly visible at a distance of 800 feet preceding said locomotive measured by and under ordinary night conditions and for normal sight of a person having the usual visual capacity of a locomotive engineer at his place in charge of a moving locomotive, all contrary to the statutes of the state of Kansas, being General Statutes of Kansas for 1935, 66-261;

"(10) In failing to have and maintain at said crossing, at the west side thereof, an electric street light of 100 candle power, all contrary to the ordinances of the city of Wichita, Sedgwick county, Kansas, being ordinance No. 10-486, sections 1 and 2 being then in effect, the pertinent parts of which ordinance are attached to and made a part of this petition under the mark . 'exhibit B.'"

The issue being here on demurrer, the petition must be liberally construed in appellant's favor and every reasonable intendment accorded in her behalf. Nonetheless, she is bound by the averments made. Under the allegations, does it clearly appear that she was not entitled to recover damages from the defendant company?

First, let us consider the allegations as they relate to the driver. It was alleged that he stopped his auto on the west track and waited there while the southbound train was passing on the east track. It was not alleged that he did not know there was a second track or did not know that his car was stopped upon it. It was not alleged that the track upon which he was stopped could not be seen by him or by anyone who would look; nor that he could not or would not have seen the approaching train if he had looked. While it was alleged that the approaching train did not have a headlight of sufficient power to outline plainly for·the engineer the figure of a man at a distance of 800 feet, there was no allegation that the train was without a headlight or that the driver did not see it or could not have seen it if he had looked. There was no allegation that there was any obstruction that prevented a view of the approaching train. While the petition alleged that the defendant operated the train in a negligent manner "knowing the condition of said crossing, the surroundings thereof and the condition of the weather at said time," there was no allegation in the amended petition as it stood when the demurrer was interposed as to what the weather conditions were and no allegation that there were any unusual or abnormal conditions which prevented the driver from seeing the track upon which he stopped his car. Obviously, there were no conditions which prevented his seeing the southbound train, and therefore, knowing that

he was approaching a railroad crossing. No signs or warning could have made that fact more evident to him. It might even be urged that in a city the size of Wichita the known existence of one track was at least some warning that there might be more than one track. However, entirely apart from that argument, the fact remains that he deliberately stopped his car in a place of danger and that no facts or circumstances are alleged in the petition which furnish any reason why he did not stop before he reached the west track or did not back his car off such track after he had driven upon it.

Appellant, riding as a guest in the automobile, was bound to exercise such reasonable care and precaution for her own protection and to warn the driver of any imminent danger apparent to anyone exercising such care and precaution. (*Shepard v. Thompson*, 153 Kan. 68, 109 P. 2d 126; *Darrington v. Campbell*, 150 Kan. 407, 408, 409, 94 P. 2d 305; *Buchhein v. Atchison, T. & S. F. Rly. Co.*, 147 Kan. 192, 75 P. 2d 280; *Hooker v. Missouri Pac. Rld. Co.*, 134 Kan. 762, 8 P. 2d 394; *Blue v. Atchison, T. & S. F. Rly. Co.*, 126 Kan. 635, 270 Pac. 588.) It is equally obvious, as to her, that she knew before the accident happened that they were approaching a railroad crossing. She alleged that they stopped to await the passing of the southbound train. She did not allege that she looked to see where they were stopped, or that the track upon which they were stopped was not plainly visible to anyone who would look, or that she did not see the headlight of the approaching train or could not have seen it if she had looked. She did not allege that she gave the driver any warning of possible danger or that she made any effort to extricate herself from the situation plainly evident to anyone exercising reasonable care and precaution. The mere fact that she was severely injured, however much that fact may appeal to sympathy, is not sufficient to render the railway company liable. We cannot escape the conclusion that contributory negligence, precluding recovery, plainly appears on the face of the petition. Furthermore, it is equally apparent that the proximate cause of the accident was the negligent act of the driver of the auto in deliberately stopping his car on the track—a place which he knew, or must be presumed to have known, was one of real danger.

The demurrer was properly sustained and the judgment is affirmed.