**MILLER et al. v. UNION PAC.**
**R. CO. et al.**

Nos. 4405, 4406.

United States Court of Appeals
Tenth Circuit.

May 5, 1952.

Tudor Hampton, Great Bend, Kan., and John Q. Royce, Salina, Kan. (S. R. Blackburn, Great Bend, Kan., La Rue Royce, E. S. Hampton, H. H. Dunham, Jr., and H. G. Engleman, all of Salina, Kan., on the brief), for appellants.

T. M. Lillard, Topeka, Kan. (O. B. Eidson, Philip H. Lewis and James Porter, all of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, United States Circuit Judges.

HUXMAN, Circuit Judge.

Conrad B. Miller, Milton Miller and Raymond J. Miller, administrators of the estate of Walter T. Miller, deceased, and Edward F. Miller and Edna Miller, as parents and next of kin of Warren Dean Miller, deceased, brought these actions in the District Court of Wallace County, Kansas, against the Union Pacific Railroad Company, a corporation, for the wrongful deaths of Walter T. Miller and Warren Dean Miller arising out of a railroad crossing accident in the unincorporated town of Weskan, Kansas. The cases were removed to the Federal court, where the actions were consolidated and heard together in that court.

The defendant filed motions in each case to dismiss on the ground that the petitions failed to state a cause of action. These motions were overruled. Thereafter they filed identical motions for summary judgment under Rule 56(b), 28 U.S.C.A. Plaintiffs thereupon filed affidavits in opposition to the motions and in support of their petitions. The motions were heard upon the allegations of the petitions and supporting affidavits. The trial court made findings of fact and based thereon concluded as a matter of law that there was no genuine issue as to any material fact between the parties and sustained the motion for summary judgment in each case.

The complaints alleged that the defendant railroad company was negligent in operating its train at an excessive rate of speed, in failing to keep a proper lookout for approaching vehicles crossing the main line track, in failing to give warning signals, and by failing to yield the right-of-way to Walter T. Miller, the driver of the truck.

The undisputed allegations of the petitions and the averments of the affidavits and photostatic exhibits attached thereto establish these facts. The main line of the defendant railroad runs through Weskan in an Easterly and Westerly direction. It passes to the South of the station building approximately 8 to 10 feet from the front of the building. The track enters the town from the West in a straight line over a level terrain for a substantial distance. Approximately 10 feet to the rear of the station building and running parallel with the main line is a spur track. In addition to the station building there are two small buildings a short distance to the West, located approximately 8 feet South of the spur track. To the West of the smaller buildings and to the North of the spur track is an elevator. The main street of Weskan runs North and South and crosses these tracks at right angles a short distance East of the station building. On the day of the accident, two box cars were located on the spur track, just South of the elevator and West of the main street. These buildings and box cars tended to obstruct the view of one approaching the crossing from the North of the main track to the West until the driver of the vehicle reached a point 9 feet and 6 inches from the North end of the ties of the main line. From that point there was a clear unobstructed view for a great distance to the West. At about 3:30 P. M. on the afternoon of the fatal accident, Walter T. Miller was traveling South on the main street of Weskan in his truck. With him in the truck was Warren Dean Miller, age 15 years, a guest passenger. As he started across the main track, his car was struck by the engine of one of defendant's fast passenger trains, coming from the West at a high rate of speed. Both he and his passenger guest were killed.

Number 4406.

■■■ The complaint in this case alleged that Walter T. Miller, the driver of the truck, stopped, looked and listened, before entering upon the track. The motion for summary judgment admits these allegations. If when he stopped and looked to the West, he had a clear, unobstructed view down the track for a long distance and could undoubtedly have seen the approaching train in time to avoid a collision. Under the unanimous decisions of Kansas, he is presumed to

have seen what was clearly visible.[1] The physical facts established by the affidavits and the stipulation of the parties conclusively establish as a matter of law that Walter T. Miller either did not look to the West before he entered upon the track or, if he did, disregarded what the Supreme Court of Kansas says he is presumed to have seen. In either event, he was guilty of negligence in driving upon the track in the face of the approaching train. This under the admitted facts and under the decisions of Kansas makes him guilty of contributory negligence which bars a recovery, even though the defendant railroad company was guilty of primary negligence in the operation of its trains.

## Number 4405.

In this case, the father and mother, as parents and next of kin, sought recovery for the death of their son, Warren Dean Miller, who was a guest passenger in the truck. As a passenger, it was his duty under the decisions of Kansas to exercise reasonable care and precaution for his protection. It was his duty to look for approaching trains and warn the driver thereof. Failure to do these things would constitute contributory negligence on his part, which would bar recovery in this action.[2] The only question in the case is whether on the motion for summary judgment, considering the allegations of the complaint, the affidavits and exhibits, and inferences deducible therefrom, it must be said as a matter of law that he was guilty of contributory negligence, or whether the inferences raise an issue of fact which must be determined by the jury.

Kansas has held without deviation that it will be presumed that a deceased person exercised reasonable care for his safety.[3] This presumption rests upon the

postulate that the love of life common to all prompts one to exercise care that injury or death will not come to him. And, therefore, in the absence of evidence or circumstances to the contrary, the presumption is that before venturing to cross a railroad track one will both look and listen before doing so.[4] We start then with the legal presumption that Warren Dean Miller exercised due care for his safety as they approached the crossing. This implies that he both looked and listened as they approached the crossing and warned the driver of the approaching train, which he likewise must have seen when they cleared the station building, if there was reasonable time to do so after he became aware that the driver was going to cross ahead of the oncoming train.

The fact that the driver did not stop does not as a matter of law and alone overcome the force and effect of the presumption that the guest passenger warned him. But in any event even though we should hold that the presumption that he exercised due care and warned the driver of the approaching danger is overcome by the fact that the driver did not stop, we still think it was a question for the jury to decide whether under all the circumstances the guest had a reasonable opportunity to sound a warning. The admitted fact is that when the truck was 9 feet and 6 inches North of the North end of the ties of the main track the driver had the first clear view to the West, the direction from which the train was coming. The guest, sitting on the right, could not see the train as soon as the driver on the left hand side could. The distance from the track at which he could see the train, therefore, would be somewhat less. The admitted fact for the purpose of the motion for summary judgment is that the driver did stop and look

1. Bressler v. Chi., R. I. & P. Ry. Co., 74 Kan. 256, 86 P. 472; Grisham v. Union Traction Co., 104 Kan. 712, 181 P. 119.

2. Christie v. Atchison, T. & S. F. Ry Co., 154 Kan. 713, 121 P.2d 208, and cases cited therein.

3. Chicago, R. I. & P. Ry. Co. v. Hinds, 56 Kan. 758, 44 P. 993; Kansas City-Leavenworth R. Co. v. Gallagher, 68 Kan. 424, 75 P. 469; Smith v. Bassett, 159 Kan. 128, 152 P.2d 794; Henderson v. National Mutual Casualty Co., 164 Kan. 109, 187 P.2d 508.

4. Chicago, R. I. & P. Ry. Co. v. Hinds, 56 Kan. 758, 44 P. 993; Kansas City-Leavenworth R. Co. v. Gallagher, 68 Kan. 424, 75 P. 469, 64 L.R.A. 344.

for the approaching train when he was not more than 9 feet and 6 inches from the track, before entering upon the track. There was, therefore, no reason for the guest to warn the driver until thereafter he saw him start up again and start across the track in the face of the oncoming train. Whether there was sufficient time after the guest saw the approaching train and after he saw the driver was again starting to cross, is we think a question of fact for the jury under all the facts and circumstances surrounding the accident. The interval of time after the driver stopped and started to cross again and until he entered upon the track was so brief and the distance to the track so short that we do not think it can be said as a matter of law that the guest passenger had a reasonable opportunity to give an effective warning and it can, therefore, not be said as a matter of law that he was guilty of contributory negligence, even though we presume that he did not warn the driver. Under all the facts and the circumstances this question was a jury issue which at that stage could not be decided on a summary motion for judgment.

The judgment in Miller v. Union Pacific Railroad Co., Number 4406, is affirmed. The judgment in Miller v. Union Pacific Railroad Co., Number 4405, is reversed and the cause is remanded with directions to proceed in conformity with the views expressed herein.