Frederick YOUNKMAN et al., Respondents,

v.

MISSOURI PACIFIC RAILROAD COM-PANY, a Corporation, Appellant.

No. 45708.

Supreme Court of Missouri,
Division No. 2.

July 8, 1957.

---

Harold L. Harvey, St. Louis, Hilary A. Bush, Fred A. Murdock, Wm. A. Cameron, Johnson, Lucas, Bush & Gibson, Kansas City, for appellant.

Arthur C. Popham, Sam Mandell, Kansas City, Haysler A. Poague, Clinton, Richard W. Shaw, Hiawatha, Kan., A. Harry Crane, Topeka, Kan., for respondent, Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

BARRETT, Commissioner.

This is a companion case to Ruhl v. Missouri Pacific Railroad Company, 304 S.W.2d 16. In this action the heirs, a son and a daughter, of Mrs. Ruhl's guest, Mrs. Younkman, have recovered a judgment of $11,000 for her negligent death and the railroad has appealed. The essential issues in the two cases are almost identical and what has been said in the Ruhl case is, in a large measure, determinative of this appeal. There is some difference, however, in the railroad's argument and presentation of this appeal and it is therefore necessary to add a few words to what was said in the Ruhl case. While it is said that the only question before the court "is whether or not under the evidence plaintiff made a submissible case," the point briefed and argued is that its motions for a directed verdict should have been sustained because the "evidence conclusively shows that deceased passenger in the automobile could see the approaching train, but negligently failed to observe her danger or failed to warn the driver of the automobile of the danger." While no cases are cited it is also said that the competent evidence "proves conclusively that the negligent acts charged against defendant were not the proximate cause of the accident."

The plaintiffs' evidence supported the finding that the train, traveling at a speed of 60 to 80 miles an hour, did not signal its approach to the crossing as it came out of a long sweeping curve 516 feet from the crossing. The evidence also supported the finding that Mrs. Younkman's view of a train to the west was obscured by weeds and sunflowers. She was seventy years of age and had never driven an automobile. She was Mrs. Ruhl's neighbor and while she was indeed familiar with the crossing, there is no evidence as to what she saw or did on this occasion. It is established by the Ruhl case, the facts being identical in this respect, that she is not conclusively bound by the railroad's exhibits, the "line drawing" and the photographs, and so it is not established that she saw the train or failed to warn the driver of the automobile. She was a guest in the Ruhl automobile and "[w]hile such persons are charged with the duty of looking out for their own safety as far as practicable * * * yet they are not necessarily negligent merely because their driver is negligent." Schaefer v. Arkansas Valley Interurban Ry. Co., 104 Kan. 394, 179 P. 323, 325; Cruse v. Dole, 155 Kan. 292, 124 P.2d 470. In Chicago, R. I. & P. Ry. Co. v. Hinds, 56 Kan. 758, 44 P. 993, a weed and sunflower case, it was said that the jury had been correctly instructed by this charge: "I further instruct you, that in the absence of any evidence as to whether or not the deceased looked and listened when approaching the crossing in controversy, the law presumes that, from the natural instinct of everyone to protect his person from injury, and to preserve his life, he both looked and listened for an approaching train before venturing on said crossing." The inference of negligence on the part of the

railroad being supported by the evidence in the two respects, failure to signal and weeds obstructing the view, proximate cause was also a question for the jury to resolve. Schaefer v. Arkansas Valley Interurban Ry. Co., supra. Compare: Richards v. Chicago, R. I. & P. Ry. Co., 157 Kan. 378, 139 P. 2d 427.

■ With respect to negligence and proximate cause and whether Mrs. Younkman was guilty of contributory negligence, we are neither confronted with nor concerned with a jury's answers to "special questions" or "special findings" which compel a finding one way or the other as a matter of law as was the case in Bazzell v. Atchison, T. & S. F. Ry. Co., 134 Kan. 272, 5 P.2d 804 and Hooker v. Missouri Pac. R. Co., 134 Kan. 762, 8 P.2d 394. We are concerned here with a general verdict and if reasonable minds could differ as to the inferences to be drawn under all the circumstances the general verdict is conclusive. Kansas City-Leavenworth R. Co. v. Gallagher, 68 Kan. 424, 75 P. 469, 64 L.R.A. 344; Chicago, R. I. & P. R. Co. v. Hinds, supra. As a matter of fact all that is known is that Mrs. Ruhl and Mrs. Younkman were traveling northwardly, upgrade 11.7 per cent, on a graveled township road, their view to the left or west obstructed by weeds and sunflowers. They had crossed the Union Pacific tracks and traveled 64 feet when, without warning, the 1950 Plymouth automobile was struck by the Missouri Pacific's fast-moving passenger train. The appellant's railroad crossarm was visible, perhaps the roadbed was visible, and at certain distances away the train itself may have been visible, but no one knows what either Mrs. Ruhl or her guest, Mrs. Younkman, saw or did. The train did not signal, according to the jury's finding, and the motorists' view was obstructed by weeds and sunflowers. We have these circumstances and the presumption with only the appellant's exhibits to support a contrary inference and it may not be said that Mrs. Younkman was guilty of contributory negligence as a matter of law. Schaefer v. Arkansas Val-

ley Interurban Ry. Co., supra; Cruse v. Dole, supra; Kansas City-Leavenworth R. Co. v. Gallagher, supra; Chicago, R. I. & P. Ry. Co. v. Hinds, supra. The appellant not being entitled to a directed verdict for the reasons assigned, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.