Carol Joan SHELITE, etc., et al., Appellants,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Appellee.

Nos. 6837-6839.

United States Court of Appeals Tenth Circuit.

June 28, 1962.

W. A. Kahrs, Robert H. Nelson, H. W. Fanning and Richard C. Hite, Wichita, Kan., for appellants.

Clayton M. Davis and Mark L. Bennett, Topeka, Kan., for appellee.

Before MURRAH and LEWIS, Circuit Judges, and RITTER, District Judge.

RITTER, District Judge.

These actions arose out of a railroad crossing collision between appellee's (herein referred to as defendant) train and a truck in which the husbands of the three appellants (herein referred to as plaintiffs) were passengers. The collision occurred at the crossing of defendant's railroad track and the main street of Haviland, Kansas, a town of some six hundred inhabitants.

█ Plaintiffs' claims were predicated on the alleged negligence of the railroad in operating its train at the speed of seventy-five miles per hour, in permitting structures to be built on the railroad's right of way, which blocked the view of the oncoming train, and in maintaining faulty and inadequate signal devices at the crossing. The defendants denied negligence and alleged the contributory negligence of the deceased husbands as a defense.

The District Court granted defendant's motion for a directed verdict and the question on appeal is whether plaintiffs were entitled to have their case go to the jury.

The plaintiffs' own evidence shows that the three plaintiffs' husbands, sitting in the back seat of the truck, were talking to and facing their work supervisor, who was sitting next to the driver, until the moment of the accident, and that they made no effort to look for approaching trains, when vigilance on their part could have prevented the accident.

█ Under Kansas law a passenger in a vehicle is under a duty to look out for trains at railroad crossings. The Kansas Supreme Court in a recent decision noted that the test of contributory negligence for a passenger in Kansas "has varied somewhat over the years." How-

ever, it quoted the tests stated in two cases with approval. One of the cases so cited states the following to be the duty of a passenger: " * * * it was his duty to look for approaching trains and warn the driver thereof. Failure to do these things would constitute contributory negligence on his part * * *" Miller v. Union Pacific Railroad Co., 196 F.2d 333, 335 (10th Cir. 1952) quoted in Kendrick v. Atchison, Topeka & Santa Fe Railroad Co., 182 Kan. 249, 320 P.2d 1061 (1958); accord Kessler v. Davis, 111 Kan. 515, 207 P. 799 (1922); Richards v. Chicago Railroad, Inc., 157 Kan. 378, 139 P.2d 427 (1943).

It is unnecessary to consider any of the remaining questions in the case. As a matter of law, the plaintiffs' conduct does not discharge the duty of care required of a passenger for his own protection.

Judgment affirmed.

Tuttle, Chief Judge, dissented.